UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| Capstar Radio Operating Company, a Delaware Corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 08 CV 2976 (LAK) |
| | : | |
| Anthony Campbell; Louis Carpino; Adam Gross; Jose Luis Torres; Citadel Broadcasting Corporation, a Nevada Corporation; and John Does 1-10, | : | **ANSWER OF INDIVIDUAL DEFENDANTS** |
| | : | |
| Defendants. | : | Filed Electronically |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Anthony Campbell, Louis Carpino, Adam Gross and Jose Luis Torres (the "Individual Defendants"), by their undersigned attorneys, Debevoise & Plimpton LLP, hereby answer the Complaint in this matter as follows:

1. States legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, deny.

2. States legal conclusions as to which no responsive pleading is required. To the extent a responsive pleading is required, deny.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations.

4. Deny, except admit that in certain cases Individual Defendants have contacted and/or solicited clients of Clear Channel as they are lawfully entitled to do.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Admit.

8. This allegation is directed to defendant Campbell. He admits.

9. This allegation is directed to defendant Campbell. He admits.

10. This allegation is directed to defendant Gross. He admits.

11. This allegation is directed to defendant Gross. He admits.

12. This allegation is directed to defendant Carpino. He admits.

13. This allegation is directed to defendant Carpino. He admits, except avers that the proper spelling of the station's name is WLTW and not WLTU.

14. This allegation is directed to defendant Torres. He admits.

15. This allegation is directed to defendant Torres. He admits.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that Citadel is a radio company.

17. Deny, except admit that Citadel and Clear Channel each are radio station companies, with certain stations operating in the same markets.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations.

19. This paragraph states legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, deny.

20. This paragraph states legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, admit on behalf of the Individual Defendants.

21. Deny, except admit that Clear Channel is in the radio business.

22. Admit.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations.

28. Deny.

29-32. Deny, except admit that Radio Fusion is a third-party software program used by Clear Channel and other radio companies for certain purposes.

33-37.  Deny, except admit that Best Rate is a third-party software program used by Clear Channel and other radio companies for certain purposes.

38-39.  Deny, except admit that Radio Fusion is a third-party software program used by Clear Channel and other radio companies for certain purposes.

40-50.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations.

51.  Admit.

52-53.  Deny, except admit that account executives are responsible for selling advertising, in part through certain of the techniques enumerated.

54-55.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that each Individual Defendant received and acknowledged certain employment materials, possibly including the enumerated materials, and signed a document containing the quoted language.

56.  Deny.

57-76.  Each Individual Defendant denies the allegations relevant to him, except admits that he was hired on or about the date stated as to him in the Complaint, signed a document entitled Confidentiality, Trade Secrets and Non-Compete Agreement, received and acknowledged certain employee information materials and attended certain training.

77.  Deny, except admit that each of the Individual Defendants advised Clear Channel on or about March 5, 2008 that they were resigning and would be working at WABC-AM.

78.  Admit.

79. Admit.

80. Deny, except admit that WABC-AM, WLTW and WKTU are all radio stations in the New York market.

81-84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that Clear Channel is aware of the Individual Defendants' new employment.

85. Deny.

86. Deny, except admit that Carpino attended an event upon request from a person who in another capacity is a Clear Channel client.

87. Deny.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that Clear Channel claims to be aware of an effort by a Citadel station to market a version of a non-proprietary advertising program that is widely used in the radio industry.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations.

90-92. Deny knowledge or information sufficient to state a belief as to the truth of the allegations.

93-94. Deny, except admit that Citadel has hired account executives in the Chicago market.

95-143. These paragraphs state legal conclusions as to which no responsive pleading is required. To the extent that a responsive pleading is required, deny.

WHEREFORE, the Individual Defendants deny that plaintiff is entitled to any of the relief requested or to any other relief, and request that the Complaint be dismissed with prejudice and with an award of costs, fees and such other relief as the Court deems just and proper.

Dated: New York, New York
       March 25, 2008

                                      DEBEVOISE & PLIMPTON LLP

                                      By: /s/ Jeremy Feigelson
                                            Jeremy Feigelson (JF-4963)
                                            jfeigels@debevoise.com
                                    919 Third Avenue
                                    New York, New York 10022
                                    (212) 909-6000

                                    *Attorneys for Defendants*

22699870v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

Capstar Radio Operating Company, a Delaware Corporation,

      Plaintiff,

    v.

Anthony Campbell; Louis Carpino; Adam Gross; Jose Luis Torres; Citadel Broadcasting Corporation, a Nevada Corporation; and John Does 1-10,

      Defendants.

------------------------------------ x

No. 08 CV 2976 (LAK)

**CERTIFICATE OF SERVICE**

Filed Electronically

      The undersigned, an employee of Debevoise & Plimpton LLP, counsel for defendants, certifies: On the 25th day of March 2008, I caused the within Answer of Individual Defendants to be served by express mail on plaintiff, L. Lynnette Sarno, Esq., Seyfarth Shaw LLP, 620 Eighth Avenue, New York, New York 10018.

Dated:  New York, New York
         March 25, 2008

                                 /s/ Benjamin Sirota

                                 Benjamin Sirota

22699879v1