USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Capstar Radio Operating Company, a Delaware
Corporation,

       Plaintiff,

  v.

Anthony Campbell; Louis Carpino; Adam Gross;
Jose Luis Torres; Citadel Broadcasting Corporation,
a Nevada Corporation; and John Does 1-10,

       Defendants.

------------------------------------------------------------x

08 CV 2976

**ORDER TO SHOW CAUSE
WITH TEMPORARY
RESTRAINING ORDER**

This matter having been brought to the Court by Seyfarth Shaw LLP, attorneys for Plaintiff Capstar Radio Operating Company, an indirect subsidiary of Clear Channel Communications Inc. ("Clear Channel" or "Plaintiff"), and upon written electornic notice of this Motion being given to defendants Anthony Campbell ("Campbell"), Lou Carpino ("Carpino"), Adam Gross ("Gross"), Jose Luis Torres ("Torres") (together "Individual Defendants"), and Citadel Broadcasting Corporation, a Nevada Corporation ("Citadel") (collectively, "Defendants") as set forth in the accompanying Rule 65 Certification; and it appearing to the Court from the facts alleged in the Complaint, the Declarations of Mirian Jerez, Bernhard Weiss, Robert Williams, Leon Bart-Williams, Steven Kritzman, the Declaration of Lynnette Sarno, Esq., and the accompanying Memorandum of Law; that immediate and irreparable harm will be caused to Clear Channel before a hearing may be held on this Motion; and for other good cause appearing for the entry of this Order, it is hereby

~~ORDERED that sufficient reason having been shown therefore, pending the hearing and determination of this motion for preliminary injunction, Defendants, and all persons acting in~~

concert with them, be, and hereby are, temporarily restrained and enjoined until further Order of the Court as follows:

1. Individual Defendants are temporarily restrained and enjoined from directly or indirectly, operating, owning, being associated with, or being employed by, or rendering services to, any radio station, television station (including any cable organization or supplier) or any firm or affiliated company owning or operating a radio station, television station or cable system, with an office located in New York, New York, including Citadel;

2. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are temporarily restrained and enjoined from directly or indirectly disclosing, reproducing, or using any confidential, proprietary and/or trade secret information of any kind, nature or description belonging to Clear Channel, including but not limited to, information relating to Clear Channel's clients, database systems, business and financial information, marketing and pricing strategies and techniques, etc.;

3. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are temporarily restrained and enjoined from directly or indirectly contacting, or soliciting the trade and patronage of Clear Channel's customers or clients;

4. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are temporarily restrained and enjoined from directly or indirectly contacting, or soliciting Clear Channel's employees and consultants;

5. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are directed not to destroy, but to immediately return to Clear Channel all documents, records and property of any kind or nature whatsoever and in whatever form, including electronic (including copies thereof and computer records) (collectively referred to as "materials"), which are within the Defendants' possession, custody or control and belong to Clear Channel, including, without limitation, any such materials that contain, reflect or refer to Clear Channel's clients, pricing structure, training materials or , other documents reflecting Clear Channel's methods of doing business and/or business strategies;

6. Defendants, and all persons and/or entities acting on their behalf, for their benefit or in active participation with them, are to provide a sworn statement(s) and accounting(s) of the whereabouts of all Clear Channel property, including all files, data, and/or information removed, downloaded, transferred, printed, accessed or e-mailed from Clear Channel computers or computer network, including, but not limited to, all information copied, downloaded, transferred or printed by the Individual Defendants prior to the termination of their employment with Clear Channel;

7. Defendants and all persons and/or entities acting on their behalf, for their benefit or in active concert or participation with them, are to produce for inspection and imaging all electronic devices, including, but not limited to, all computers, hard disk drives, floppy disk drives, removable storage devices (*e.g.*, thumb drives), CDs, DVDs, pda's, cell phones, blackberries, and/or all other similar electronic storage devices belonging to, under the control of, accessible to, or operated by

the Individual Defendants to verify the use, access, disclosure, printing, copying, and return of Clear Channel property including, but not limited to, all confidential, proprietary and/or trade secret information belonging to Clear Channel; and

**IT IS FURTHER ORDERED** that Defendants shall preserve, and not destroy, damage, or alter in any way, all potentially relevant evidence in this action, including, but not limited to, any Clear Channel materials residing on any computer database, including, hard disk drives, floppy disk drives, removable storage devices (*e.g.*, thumb drives), CDs, DVDs, pda's, cell phones, blackberries and/or all other similar electronic storage devices belong to, under control of, accessible to, or operated by Defendants. Defendants shall also preserve, and not destroy, damage, or alter in any way, all e-mails in any and all of Individual Defendants' email accounts, including, but not limited to, any personal e-mail accounts, which refer to, relate to and/or contain Clear Channel information of any kind; and

**IT IS FURTHER ORDERED** that Defendants immediately produce any and all emails sent to, or from, Defendants from any e-mail account which belong to, under the control of, accessible to, or operated by Defendants , which refer or relate in any way to, Clear Channel or any of Clear Channel's employees, clients, business information or strategies, training materials, or any other of Clear Channel Trade Secrets; and

**IT IS FURTHER ORDERED** that

1. ~~Clear Channel immediately after service of this Order,~~ The parties may engage in expedited discovery, ~~for the purpose of (a) determining any unknown individual or individuals who are aiding and abetting~~ the Defendants in the (i) theft of Clear Channel's confidential, proprietary and trade secret information, or (ii) unfair competition with Clear Channel; and/or (b) determining the full scope of

4

Defendants' breaches of their common law and contractual obligations and the full scope of any Clear Channel information and property stolen and/or used by Defendants;

2. Clear Channel is permitted, immediately after service of this Order, to inspect and image all computers and other electronic devices, including, but not limited to, computers, hard disk drives, floppy disk drives, removable storage devices (e.g., thumb drives), CDs, DVDs, pda's, cell phones, blackberries and/or all other similar electronic storage devices belonging to, under the control of, accessible to, or operated by Defendants on which Clear Channel information of any kind resides or may have resided. Accordingly, Defendants must produce, within three (3) court days of service of this Order upon them, all computers or other electronic devices described above belong to, under the control of, accessible to, or operated by Defendants on which Clear Channel information of any kind resides or may have resided;

3. Clear Channel may, immediately after service of this Order upon Defendants, notice the deposition of each Individual Defendant, including inspecting requested documents at the deposition, upon five (5) court days' written notice;

4. Clear Channel may, immediately after service of this Order upon Defendants, notice the deposition of a corporate witness authorized to testify on behalf of Citadel, pursuant to Fed. R. Civ. P. 30(b)(6), including inspecting requested documents at the deposition, upon five (5) court days' written notice;

5. Clear Channel may, immediately after service of this Order upon Defendants, notice the deposition of Jonathan Mason, a former employee of Clear Channel

and current employee of Citadel, including inspecting requested documents at the deposition upon five (5) court days' written notice;

6. ~~Clear Channel may, immediately after service of this Order upon Defendants, notice the deposition of any non-party pursuant to Fed. R. Civ. P. 45, upon five (5) court days' written notice;~~

7. ~~Clear Channel may, immediately after service of this Order upon Defendants, propound written discovery upon Defendants requiring verified written responses and the production of documents and things within five (5) court days after service of said request(s); and~~

IT IS FURTHER ORDERED that the Defendants show cause before this Court on the _25th_ day of ~~March~~ _April_ 2008 at the United States Courthouse for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room _12D_ at _9:30 a.m._ ~~a.m./p.m.~~, or as soon thereafter as counsel may be heard, why an Order should not be issued against the Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure _preliminarily enjoining them_ ~~to preliminarily continue the temporary restraints~~ as set forth ~~above~~ _in the first decretal paragraph above,_ during the pendency of this action; and

~~IT IS FURTHER ORDERED that no security need be posted; and~~

IT IS FURTHER ORDERED that service of this Order and Clear Channel's supporting papers and the Summons and Complaint shall be effected by personal service or overnight delivery upon the Defendants, or upon their attorney(s), on or before the ___ day of March 2008; and

IT IS FURTHER ORDERED that Defendants shall serve and file their papers in opposition to Clear Channel's motion for a preliminary injunction, if any, on or before _____ 2008; and

6

**IT IS FURTHER ORDERED** that Clear Channel shall serve and file its reply papers in further support of its motion for a preliminary injunction, if any, on or before _____ 2008.

Dated: New York, New York
      March 27, 2008

SO ORDERED:

_____
                     U.S.D.J.