UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Capstar Radio Operating Company, a Delaware
Corporation,

                          Plaintiff,

        v.

Anthony Campbell; Louis Carpino; Adam Gross;
Jose Luis Torres; Citadel Broadcasting Corporation,
a Nevada Corporation; and John Does 1-10,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Case No. 08-CV- 2976 (LAK)


# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN ORDER DEEMING ITS NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE EFFECTIVE PURSUANT TO RULE 41(a)(1)(A)


Dated:   New York, New York
         April 21, 2008


Of Counsel:

      L. Lynnette Sarno (LS-2421)
      Gloria Galant (GG-2818)


SEYFARTH SHAW LLP

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
Attorneys for Plaintiff
Capstar Radio Operating Company

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 2

ARGUMENT ............................................................................................................ 4

     I.     PLAINTIFF'S FILING OF ITS NOTICE OF VOLUNTARY
           DISMISSAL WITHOUT PREJUDICE ON MARCH 25, 2008 SHOULD
           BE DEEMED EFFECTIVE PURSUANT TO RULE 41(a)(1)(A). ........................ 4

     II.    ALTERNATIVELY, THE COURT SHOULD PERMIT PLAINTIFF TO
           WITHDRAW THIS ACTION WITHOUT PREJUDICE. ..................................... 8

CONCLUSION ........................................................................................................ 10

i

# TABLE OF AUTHORITIES

## CASES

*Barr Bros. & Co., Inc. v. Senft,*
No. 82 Civ. 5007, 1982 WL 1342 (S.D.N.Y. Oct. 27, 1982) ..............................................5

*Bressler v. Liebman,*
No. 96 Civ. 9310 (LAP), 1998 WL 167334 (S.D.N.Y. Apr. 8, 1998)) ..............................5

*Lowe v. Fountain Forestry, Inc.,*
No. 3:08-CV-08, 2008 WL 276486 (E.D. Tenn. Jan. 30, 2008) .................................7, 8, 9

*Medina v. New York State Dep't of Corr. Servs.,*
No. 03 Civ. 9249 (RWS), 2004 WL 2397193 (S.D.N.Y. Oct. 26, 2004)......................4, 5

*Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.,*
422 F.3d 72 (2d Cir. 2005) ....................................................................................6

*Powell Const. Co., Inc. v. U.S. Crane & Rigging, Inc., No. Civ. A. 705CV00528,*
2005 WL 2716375 (W.D. Va. Oct. 21, 2005) ...........................................7, 8, 9

*Rose v. Simms,*
No. 95 Civ. 1466 (LMM), 1995 WL 702307 (S.D.N.Y. Nov. 29, 1995)...........................9

*Seippel v. Jenkens & Gilchrist, P.C.,*
No. 03 Civ. 6942 (SAS), 2004 WL 2809205 (S.D.N.Y. Dec. 7, 2004) ..........................4, 5

*Somlyo v. J. Lu-Rob Enters., Inc.,*
932 F.2d 1043 (2d Cir. 1991) ...............................................................................6

*United States v. Rivas,*
493 F.3d 131 (3d Cir. 2007) .................................................................................6

## FEDERAL RULES

Fed. R. Civ. P. 5(d)(4) ..............................................................................................5

Fed. R. Civ. P. 41(a)(1) .............................................................................................4

## PRELIMINARY STATEMENT

Plaintiff Capstar Radio Operating Company ("Capstar" or "Plaintiff") respectfully submits this memorandum of law in support of its motion for an order accepting Plaintiff's March 25, 2008 filing of its notice of voluntary withdrawal without prejudice by ECF as effective pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), or in the alternative for an order permitting Plaintiff to withdraw this action without prejudice against all Defendants pursuant to Rule 41(a)(2).

Rule 41 provides a Plaintiff with the right to withdraw an action *without prejudice* before an answer or motion for summary judgment is served. Rule 41 is self executing and does not require the Court's intervention. Pursuant to this Rule, Plaintiff filed a notice to voluntarily withdraw this action without prejudice via the Court's electronic case filing system ("ECF") and served a copy of the notice upon Defendant's counsel *prior to* being served with an answer by the Individual Defendants. The following day, Plaintiff learned that its filing was rejected by ECF. According to the Court clerk, Plaintiff's notice was rejected because documents which relate to dismissal of an action must first be approved by the Judge assigned to the case. However, there is no written requirement either in the Federal or Local Rules that a notice of withdrawal prior to the service of an answer must be approved by the Court. To the contrary, the Rule permits a Plaintiff to file the notice without the court's intervention. Accordingly, because Plaintiff attempted to file its notice prior to being served with an answer, the Court should deem Plaintiff's notice of voluntary withdrawal without prejudice as effective.

Assuming *arguendo* that the Court is not inclined to accept the Plaintiff's electronic filing as effective notice, equity weighs in favor of permitting Plaintiff to withdraw its claims against all Defendants without prejudice. The Court has no jurisdiction over the named, or intended,

1

corporate defendant. In order for Plaintiff to fully adjudicate its claims, the proper corporate

Defendant must be a party. The only alternative would be for Plaintiff to litigate its claims in

two separate forums - an avoidable consequence if the Court permits Plaintiff to withdraw its

action without prejudice.

For these reasons, Capstar respectfully requests that the Court grant this motion and issue

an order accepting Plaintiff's notice of voluntary withdrawal without prejudice pursuant to Fed.

R. Civ. P. 41(a)(1)(A).

## STATEMENT OF FACTS

Capstar commenced this action by the filing of a complaint on March 21, 2008.

Concurrently, Capstar sought to obtain a temporary restraining order against Anthony Campbell,

Louis Carpino, Adam Gross, Jose Luis Torres (collectively "Individual Defendants") and Citadel

Broadcasting Corporation enjoining them from among, other things, soliciting Capstar's clients

and using Capstar's trade secrets.

Capstar filed this action before this Court based upon diversity of citizenship. Capstar is a

Delaware Corporation. The intended corporate Defendant, at the time Plaintiff filed its

complaint, Citadel Broadcasting Company[1] is a Nevada Corporation. All of the Individual

Defendants are residents of New York. Based upon the information available to Plaintiff at the

time, it believed in good faith that this Court would have jurisdiction over each Defendant based

upon diversity.

On March 24, 2008, a hearing was held before the Court on the issue of Plaintiff's

application for a temporary restraining order ("TRO"). The Court denied Plaintiff's application

for a TRO and ordered the parties to engage in expedited discovery.

---

[1] Plaintiff inadvertently named Citadel Broadcasting Corporation, rather than Citadel Broadcasting Company as a Defendant. Citadel Broadcasting Corporation is a Delaware Corporation. Citadel Broadcasting Company Defendant is a Nevada Corporation.

2

In opposition to Plaintiff's application for a TRO, Defendants claimed that the Court lacked jurisdiction over the named corporate Defendant, Citadel Broadcasting Corporation, because it is also a Delaware Corporation. Upon further inquiry, Plaintiff discovered that it inadvertently named Citadel Broadcasting Corporation, rather than Citadel Broadcasting Company, which is in fact a Nevada corporation. Thereafter, Plaintiff was advised by Defendant's counsel, Jeremy Feigelson, that the proper corporate entity – the entity which employs the Individual Defendants – is New York Radio Assets LLC, a Delaware Corporation. Both New York Radio Assets LLC and Capstar are Delaware corporations. Therefore, the Court cannot exercise diversity jurisdiction over New York Radio Assets LLC or Citadel Broadcasting Corporation the named corporate Defendant.

On March 25, 2008, after learning from Defendant's counsel that New York Radio Assets LLC was the proper Defendant, Plaintiff filed a notice of voluntary withdrawal without prejudice by ECF. (*See* Declaration of L. Lynnette Sarno ("Sarno Decl.") ¶ 11.) Plaintiff also served a copy of the notice upon counsel for Defendants.

The following day, March 26, 2008, Plaintiff learned that its notice of voluntary withdrawal resulted in a filing error because it was purportedly not an "ECF Document." (Sarno Decl. ¶ 14.) Upon contacting the Clerk's office of the Southern District of New York, Plaintiff's counsel was advised that the ECF filing was rejected because voluntary dismissals, even those filed pursuant to Rule 41(a)(1)(A), required approval by the Court. (Sarno Decl. ¶ 15.) In response, Plaintiff immediately submitted the notice of voluntary withdrawal to the Clerk of the Court for Orders and Judgments. (Sarno Decl. ¶ 16.)

Thereafter, Plaintiff received an electronic notification that Individual Defendants filed its Answer *after* Plaintiff attempted to file its notice of voluntary withdrawal. (Sarno Decl. ¶ 17.)

NY1 26509125.4

Later that day, Plaintiff also received a copy of the answer by overnight delivery.  (Sarno Decl.

¶ 18.)  The postmark on the envelope indicated that it was served upon Plaintiff on or about

11:45 p.m. on March 25, 2008, which was well after Plaintiff's filing of its ECF notice of

voluntary withdrawal.  (Id.)

## ARGUMENT

### I.    PLAINTIFF'S FILING OF ITS NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE ON MARCH 25, 2008 SHOULD BE DEEMED EFFECTIVE PURSUANT TO RULE 41(a)(1)(A).

Rule 41, Dismissal of Actions, provides in relevant part:

> (a) Voluntary Dismissal.
> (1) By the Plaintiff.
> (A) Without a Court Order.  Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:  (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who appeared.

*See* Fed. R. Civ. P. 41(a)(1)(A).

Courts in this Circuit have uniformly permitted a plaintiff to unilaterally dismiss an

action prior to the filing of an answer or motion for summary judgment pursuant to this Rule.

*See Seippel v. Jenkens & Gilchrist, P.C.*, No. 03 Civ. 6942 (SAS), 2004 WL 2809205 (S.D.N.Y.

Dec. 7, 2004) (Tab 1)[2]; *Medina v. New York State Dep't of Corr. Servs.*, No. 03 Civ. 9249

(RWS), 2004 WL 2397193 (S.D.N.Y. Oct. 26, 2004) (holding voluntary dismissal proper where

Defendants have yet to file an answer or motion for summary judgment) (Tab 2).  In *Medina,*

Judge Sweet recognized that "[w]ithin the limitations set forth by the rule itself, the right to

dismiss pursuant to Rule 41(a)(1) is absolute." *Id.*, 2004 WL 2397193, at *3 (quotations

omitted).  "Thus, where the conditions set forth in the Rule have been met, neither the Court nor

a defendant may prevent Rule 41(a)(1)(i) dismissal." *Id.*, 2004 WL 2397193, at *3 (*quoting*

---

[2] Copies of unreported cases cited herein are annexed hereto at Tabs 1 through 7.

4

*Bressler v. Liebman*, No. 96 Civ. 9310 (LAP), 1998 WL 167334, at *8 (S.D.N.Y. Apr. 8, 1998) (Tab 3)); *see also Barr Bros. & Co., Inc. v. Senft*, No. 82 Civ. 5007, 1982 WL 1342, at *3 (S.D.N.Y. Oct. 27, 1982) ("The consensus of opinion is that Rule 41(a)(1) means just what it says-if no answer or motion for summary judgment has been served, the plaintiff has the unilateral right to discontinue his action.") (Tab 4). Significantly, the Second Circuit has stressed that Rule 41(a)(1) is intended to provide plaintiffs with an "*unfettered right*" to voluntarily and unilaterally dismiss an action. *Seippel*, 2004 WL 2809205, at *1.

Here, Plaintiff met all of the requirements of the Rule, having filed its notice prior to being served with an answer. Plaintiff's filing was rejected by the Court's electronic filing system under the pretense that it was not filed with the Court's approval. However, requiring Plaintiff to obtain the Court's permission to file a notice of withdrawal is in direct contravention of the plain language and requirements of Rule 41 (a)(1)(A). Indeed, the purpose of the Rule is to give the Plaintiff an absolute right to file a notice of withdrawal without having to first obtain the Court's approval.

Moreover, the practice of rejecting a document filed simply because it was not in a form prescribed by the Court's local filing practices is prohibited under Rule 5(d)(4). Rule 5(d)(4) provides that "[t]he clerk must *not refuse* to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice" (emphasis added). Accordingly, the unilateral rejection of Plaintiff's notice because it was electronically filed, should be overruled.

Plaintiff should not be penalized for following the requirements of Rule 41. It is undisputed that Plaintiff filed its notice by ECF prior to being served with an answer. The automatic rejection of that filing because it was in an electronic form and absent the Court's approval is completely contrary to Rules 41 and 5(d).

5

Further, even if Plaintiff's filing would be deemed contrary to a local filing requirement, the Court has the discretion to cure the defect by accepting Plaintiff's good faith filing by ECF within the time prescribed by Rule 41 (a)(1)(A) as efficient. *Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005) (holding that a district court did not abuse its discretion by excusing the inclusion of too-large exhibits and an invalid hearing date in violation of the courts electronic filing requirements); *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1049 (2d Cir. 1991) (holding that it was in the district court's discretion to excuse noncompliance with the technical local rules); *United States v. Rivas*, 493 F.3d 131, 142 (3d Cir. 2007) (holding that the district court had a sound rationale to excuse minor violations of the formatting rules). It is well settled that a district court has the discretion to "depart from the strictures of its own procedural rules where (1) it has a sound rationale for doing so, and (2) doing so does not unfairly prejudice a party who has relied on the rule." *Rivas*, 493 F.3d at 141 (quotations omitted).

Here, the only sound rationale is for the Court to cure the unilateral rejection of Plaintiff's attempt to electronically file its notice of voluntary withdrawal pursuant to Rule 41(a)(1)(A). As set out above, requiring Plaintiff to first obtain the Court's approval before filing such a notice is contrary to the Rules.

Moreover, Defendants were served with a copy of the notice of voluntary dismissal well prior to serving its answer and cannot argue that they were not on notice of the intended withdrawal or that they would be prejudiced in any way if the Court would accept Plaintiff's filing prior to the filing of their answer. Indeed, the mere prospect of a second lawsuit to be filed by Plaintiff does not establish prejudice. *Lowe v. Fountain Forestry, Inc.*, No. 3:08-CV-08, 2008 WL 276486, at *2 (E.D. Tenn. Jan. 30, 2008) (holding that plaintiffs were not precluded from

6

requesting voluntary dismissal so that they can later re-file in state court pleading a lesser amount of damages to defeat federal jurisdiction) (Tab 5).

Significantly, in other cases where the method of filing has been challenged, Courts have repeatedly accepted the filing of a notice of withdrawal and ruled in the plaintiff's favor. *See Lowe*, 2008 WL 276486, at *2 (holding that notice of voluntary dismissal was effective) and *Powell Const. Co., Inc. v. U.S. Crane & Rigging, Inc.*, No. Civ. A. 705CV00528, 2005 WL 2716375 (W.D. Va. Oct. 21, 2005) (holding that plaintiff properly filed notice of voluntary dismissal and that its filing terminated the case) (Tab 6).

The holdings in *Lowe and Powell* are instructive because the issues and facts addressed in those cases are similar to those before this Court. In *Lowe,* plaintiff filed a notice of voluntary dismissal without prejudice. Defendant moved to strike plaintiff's notice because it was *not* electronically filed as required by the local rules of the court. Plaintiff filed a copy of its notice with the office of the clerk and both mailed and hand-delivered copies to defendant *before* defendant electronically filed its answer on the same day. Defendant argued that plaintiff's notice should not be given priority because it was filed in violation of the courts' local rules requiring electronic filing. There, defendant also argued that plaintiff was using the notice as a vehicle to re-file this action in state court. *Lowe*, 2008 WL 276486, at *1. The court accepted plaintiff's filing with the clerk as sufficient and held, in line with Rule 5(d)(4), that it need not disallow a filing because of its form or the manner in which it was filed. Accordingly, the court gave plaintiff's filing priority over the defendant's answer and dismissed the action without prejudice. The court further opined that even if it were to find that plaintiff's filing violated the electronic filing system requirements and did not give plaintiff filing priority, dismissal would

still be proper without prejudice by court order pursuant to Rule 41(a)(2). *Lowe*, 2008 WL 276486, at *2.

Similarly, in *Powell*, also a diversity action, plaintiff filed its notice of voluntary dismissal pursuant to Rule 41(a)(1)(A) on paper in the clerk's office, rather than electronically. *Powell*, 2005 WL 2716375, at *1. Defendant moved to strike the notice because it was not electronically filed. The court held that the paper filing substantially complied with the requirements of the Rule and dismissed the action without prejudice. *Id.* The court further noted that it would have been an "abuse of discretion" for the clerk's office to have refused the pleading, if not a clear violation of Rule 5. *Id.*

The facts here are inapposite; Plaintiff timely filed its notice of voluntary withdrawal prior to being served with an answer, but not within the form purportedly required by this Court's local filing practices.[3] Accordingly, similar to the holdings in *Lowe* and *Powell,* and for all of the reasons set out above, this Court should deem Plaintiff's electronic filing of its notice of voluntary withdrawal  without prejudice on March 25, 2008 to be effective.

## II.    ALTERNATIVELY, THE COURT SHOULD PERMIT PLAINTIFF TO WITHDRAW THIS ACTION WITHOUT PREJUDICE.

Assuming *arguendo* that the Court refuses to accept Plaintiff's electronic filing, equity weighs in favor of the Court permitting Plaintiff to withdrawal this action *without* prejudice pursuant to Rule 41(a)(2). *Powell*, 2005 WL 2716375, at *1 and *Lowe*, 2008 WL 276486, at *2. Rule 41(a)(2) allows the Court to dismiss an action at the Plaintiff's request without prejudice.

As set out above, dismissal without prejudice has been ruled by courts as appropriate. *Powell*, 2005 WL 2716375, at *1; *Lowe*, 2008 WL 276486, at *2. Notwithstanding Plaintiff's compliance with Rule 41(a)(1)(A), the facts weigh in favor of dismissal because the Court

---

[3] Plaintiff is unable to locate any Rule or requirement which would prohibit it from filing its notice of voluntary withdrawal by any other means than ECF.

8

cannot exercise jurisdiction over the named corporate Defendant Citadel Broadcasting

Corporation, a Delaware Corporation, or over the intended corporate defendant, New York

Radio Assets LLC, which is a Delaware limited liability company.

Here, Plaintiff not only seeks a preliminary injunction enjoining Individual Defendants

from their employment with New York Radio Asset, LLC, their continued solicitation of

Plaintiff's customers, and use of Plaintiff's trade secrets in connection with their employment

with New York Radio Asset LLC, but it also seeks to enjoin New York Radio Asset LLC from

misappropriating its trade secrets, tortiously interfering with its contracts and conspiring with the

Individual Defendants. Plaintiff cannot obtain complete injunctive relief without either the

joinder of New York Radio Asset LLC as a party to this action or initiating a state court action

against New York Radio Asset LLC. The former would be precluded for lack of jurisdiction and

the latter would require the adjudication of similar issues by two different courts.

Rule 19(b) provides district courts with the discretion to dismiss an action without

prejudice where, as here, joinder is not feasible. *Rose v. Simms*, No. 95 Civ. 1466 (LMM), 1995

WL 702307, at *3 (S.D.N.Y. Nov. 29, 1995) ("Courts are most likely to rule that complete relief

may not be accorded among the parties present in circumstances where the absent party plays a

significant role in the provision of some form of injunctive relief.") (Tab 7). Because the

corporate defendant is an indispensable party that cannot be joined in this action, the Court may

dismiss this action without prejudice pursuant to Rule 19(b). Further, requiring Plaintiff to

proceed in two different courts, will require Plaintiff, Defendants and the Courts to expend

significant additional resources, which could be avoided by proceeding in one venue. Thus, for

this reason also, the balance of equity leans in favor of dismissal without prejudice.

9

## **CONCLUSION**

Based upon the foregoing, Plaintiff's motion for an order allowing it to withdraw this action without prejudice should be granted in its entirety.


Dated: NewYork, New York
      April 21, 2008

                        Respectfully submitted,

                        SEYFARTH SHAW LLP

                        By:

                             L. Lynnette Sarno, Esq.
                             Gloria Galant, Esq.
                        620 Eighth Avenue
                        New York, New York  10018
                        (212) 218-5500
                        Attorneys for Plaintiff
                        Capstar Radio Operating Company

10

**TAB 1**

Not Reported in F.Supp.2d                                                  Page 1
Not Reported in F.Supp.2d, 2004 WL 2809205 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2004 WL 2809205)**

Seippel v. Jenkens & Gilchrist, P.C.
S.D.N.Y.,2004.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
William H. SEIPPEL and Sharon A. Seippel,
Plaintiffs,
v.
JENKENS & GILCHRIST, P.C.; Paul M. Dauger-
das; Sidley, Austin, Brown & Wood LLP; R.J.
Ruble; Deutsche Bank A.G.; and Deutsche Bank
Securities, Inc., d/b/a Deutsche Bank Alex Brown,
Defendants.
**No. 03 Civ. 6942(SAS).**

Dec. 7, 2004.

Blair C. Fensterstock, Maureen McGuirl, Josiah
Greenberg, Fensterstock & Partners, L.L.P., New
York, New York, for Plaintiffs.
Ann E. Schofield, McDermott, Will & Emery, New
York, New York, for Defendants Jenkens & Gil-
christ and Paul Daugerdas.

*MEMORANDUM OPINION AND ORDER*

SCHEINDLIN, J.
**\*1** The Seippels have noticed the voluntary dis-
missal of their claims against Jenkens & Gilchrist,
P.C. and Paul Daugerdas (collectively, "Jenkens")
pursuant to Rule 41(a)(1) of the Federal Rules of
Civil Procedure. Jenkens opposes the dismissal. For
the following reasons, voluntary dismissal is proper
and the Seippels' claims against Jenkens are dis-
missed without prejudice.

I. BACKGROUND

The Seippels sued defendants for allegedly fraudu-
lent practices in connection with the provision of
tax consulting services. Defendants moved, in three
separate groups, to dismiss, pursuant to Rule
12(b)(6). Jenkens neither filed an answer, nor
moved for summary judgment pursuant to Rule 56.

Before ruling on defendants' various motions to dis-
miss, I stayed all proceedings against Jenkens, pur-
suant to a class action settlement agreement.[FN1] In
an Order dated August 25, 2004 ("the August 25
Order") I granted, in part, the motions to dismiss of
all defendants other than Jenkens.[FN2] Because of
the stay, I did not rule on Jenkens' motion, although
Jenkens' motion raised similar issues to those raised
in the other defendants' motions. The Seippels now
seek voluntary dismissal, without prejudice, of their
claims against Jenkens. Jenkens requests that the
Court defer the Seippels' dismissal, in order to rule
on Jenkens' motion to dismiss.

> FN1.*See Denney v. Jenkens & Gilchrist,*
> No. 03 Civ. 5460, (S.D.N.Y. May 19,
> 2004).

> FN2.*See Seippel v. Jenkens & Gilchrist,
> No. 03 Civ. 6942, 2004 WL 1907315
> (S.D.N.Y. Aug. 25, 2004).* Familiarity with
> that Order is presumed.

II. APPLICABLE LAW

Rule 41(a)(1) provides, in pertinent part, that "[a]n
action [FN3] may be dismissed by the plaintiff
without order of court (i) by filing a notice of dis-
missal at any time before service by the adverse
party of an answer or of a motion for summary
judgment, whichever first occurs."[FN4] "Rule
41(a)(1) means just what it says-if no answer or
motion for summary judgment has been served, the
plaintiff has the unilateral right to discontinue his
action. There is no discretion of the court in-
volved."[FN5] Indeed, dismissal occurs without "even
a perfunctory order of court closing the file. Its al-
pha and omega was the doing of the plaintiff
alone."[FN6]

> FN3. Although Rule 41 speaks in terms of
> 'actions,' the plaintiff may dismiss less
> than the entire action pursuant to Rule 41-
> that is, the plaintiff may dismiss its claims

Not Reported in F.Supp.2d, 2004 WL 2809205 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2004 WL 2809205)**

as to some but not all defendants. *See Mutual Benefit Life Ins. Co. in Rehabilitation v. Carol Management Corp.,* No. 93 Civ. 7991, 1994 WL 570154 (S.D.N.Y. Oct. 13, 1994); *Baksh v. Captain,* No. 99 Civ. 1806, 2000 WL 33177209 (E.D.N.Y. Dec. 11, 2000).

FN4.Fed.R.Civ.P. 41(a)(1). If the conditions of Rule 41(a)(1) are not met, the plaintiff must seek dismissal by stipulation, or under Rule 41(a)(2), which provides that "[a]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."*See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 394 (1990).

FN5.*Barr Bros. & Co. v. Senft,* No. 82 Civ. 5007, 1982 WL 1342, at *3 (S.D.N.Y. Oct. 27, 1982).

FN6.*Thorp v. Scarne,* 599 F.2d 1169, 1175 (2d Cir.1979) (quotation omitted).

The filing of a motion to dismiss pursuant to Rule 12(b)(6) does not ordinarily affect the plaintiff's right to a Rule 41(a)(1) dismissal. However, where a motion to dismiss "could have been treated as a request for summary judgment," because matters outside the pleadings have been presented to the court and not excluded, "the right to voluntary dismissal is extinguished."[FN7] Such exceptions to Rule 41(a)(1) are to be strictly construed.[FN8] However, "courts have repeatedly rejected arguments that events or filings other than answers or motions for summary judgment may be deemed the equivalent of those items for purposes of Rule 41(a)(1)."[FN9] The Second Circuit has stressed that Rule 41(a)(1) is intended to "establish[ ] a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action."[FN10]

FN7.*Yosef v. Passmaquoddy Tribe,* 876

F.2d 283, 284, 286 (2d Cir.1989).

FN8.*See Santiago v. Victim Servs. Agency,* 753 F.2d 219, 222 (2d Cir.1985) (emphasizing that "only the occurrence of one of the two events specified in the rule can cut off the plaintiff's right unilaterally to dismiss the action.").*See also Medina v. New York State Dep't of Corr. Servs.,* No. 03 Civ. 9249, 2004 WL 2397193 (S.D.N.Y. Oct. 6, 2004).

FN9.*Medina,* 2004 WL 2397193, at *3 (collecting cases).

FN10.*Thorp,* 599 F.2d at 1175.

III. DISCUSSION

Citing *Yosef,* Jenkens contends that the Seippels have lost their right to voluntary dismissal under Rule 41(a)(1) because Jenkens' motion to dismiss could have been treated as a motion for summary judgment. Jenkens argues that its motion to dismiss presented matters outside the pleadings to the Court. Specifically, Jenkens notes that it attached to its motion, as an exhibit, the Opinion Letter issued to the Seippels by Jenkens.[FN11]

FN11. Another defendant, Sidley Austin Brown & Wood ("Sidley"), attached Sidley's Opinion Letter to the Seippels to its motion to dismiss.

**\*2** Jenkens' argument is unavailing. In order to consider Jenkens' Opinion Letter, it would not have been necessary to convert the motion to dismiss into a motion for summary judgment. Where a plaintiff relies on a document which is integral to the complaint, it is well-established that a court may consider that document without converting the motion into one for summary judgment.[FN12] Jenkens' Opinion Letter was integral to the Seippels' complaint-as Jenkens itself argued when urging the Court to consider it in ruling on Jenkens' motion.[FN13]In ruling on Sidley's motion to dismiss, I relied on Sidley's Opinion Letter, and ex-

Not Reported in F.Supp.2d                                                    Page 3
Not Reported in F.Supp.2d, 2004 WL 2809205 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2004 WL 2809205)**

pressly noted that I was able to do so because it was integral to the complaint.[FN14] In *Yosef,* by contrast, the party moving to dismiss submitted affidavits and exhibits supporting its contention that it had not been properly served and that the statute of limitations had run-materials that were not integral to the complaint, and could not have been considered without converting the motion to one for summary judgment.[FN15]

> FN12.*See International Audiotex Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir.1995).

> FN13.*See*Jenkens' Memorandum of Law in Support of Motion to Dismiss, at 3, n. 3.

> FN14.*See Seippel,* 2004 WL 1907315, at *10 n. 116.

> FN15.*See Yosef,* 876 F.2d at 286.

Jenkens also contends that the Seippels are seeking dismissal solely to evade the implications of my August 25 Order, in which I ruled that their malpractice claims against Sidley were time-barred. Jenkens argues that it would be a waste of resources to allow the Seippels to dismiss their claims without prejudice at this stage. I am not unsympathetic to Jenkens' arguments, but they are misplaced. The law of this Circuit is clear. "Mere expenditure of time and money by a defendant ... does not bar a plaintiff from timely dismissing an action under Rule 41(a)(i)."[FN16] A plaintiff's motives in seeking dismissal are irrelevant.[FN17]

> FN16.*Johnson Chem. Co. v. Home Care Prods.,* 823 F.2d 28, 31 (2d Cir.1987), *overruled on other grounds, Chemiakin v. Yefimov,* 932 F.2d 124, 129 (2d Cir.1991).

> FN17.*See Thorp,* 599 F.2d at 1177 ("As long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge.").

The Second Circuit has explained that, although a bright-line rule may appear to lead to inefficiencies in particular cases, such a rule is necessary because:

Rule 41(a)(1)(i) dismissals will no longer be self-executing, as intended, if there is to be frequent judicial intervention for the purpose of determining whether the equivalent of an answer or a motion for summary judgment has been served or for the purpose of weighing whether the merits have been sufficiently considered by the court to warrant terminating the plaintiff's right to dismiss the proceedings.[FN18]

> FN18.*Id.* at 1176.Of course, the Seippels could not now use Rule 41 to evade the impact of my August 25 Order, insofar as that Order dismissed their claims against the remaining defendants. Those claims having been dismissed by my Order already, there would be nothing for the Seippels to voluntarily dismiss; Rule 41 thus cannot be used to vacate the effect of a court's dismissal with prejudice.

**IV. CONCLUSION**

For the foregoing reasons, the Seippels' notice of voluntary dismissal is valid under Rule 41(a)(1). The Seippels' notice of voluntary dismissal shall be filed by the Court, and their claims against Jenkens are dismissed without prejudice. The Clerk of the Court is directed to terminate this action with respect to Jenkens & Gilchrist, P.C. and Paul M. Daugerdas.

S.D.N.Y.,2004.
Seippel v. Jenkens & Gilchrist, P.C.
Not Reported in F.Supp.2d, 2004 WL 2809205 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**TAB 2**

Not Reported in F.Supp.2d                                                        Page 1
Not Reported in F.Supp.2d, 2004 WL 2397193 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2004 WL 2397193)**

Medina v. New York State Dept. of Correctional Services
S.D.N.Y.,2004.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Anthony MEDINA, Plaintiff,
v.
NEW YORK STATE DEPARTMENT OF COR-RECTIONAL SERVICES, et al., Defendants.
**No. 03 Civ.9249(RWS).**

Oct. 26, 2004.

Sidley Austin Brown & Wood, New York, NY, By: Robin B. Skarstad, Nicholas K. Lagemann, for Plaintiff, of counsel.
Honorable Eliot Spitzer, Attorney General of the State of New York, Mineola, NY, By: Valerie Singleton, Assistant Attorney General, for Defendants, of counsel.

*OPINION*

SWEET, J.
**\*1** Plaintiff Anthony Medina ("Medina") has noticed the voluntary dismissal of this proceeding pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure and defendants New York State Department of Correctional Services, Donna Masterson, Glenn Goord, James Walsh, Daniel Senkowski, Dale Arus, R.W. Santor, John Mitchell, R. Ano, Michael McGinnis, Bernard Obremski, George B. Duncan, Gary Greene, Paul Bundrick, and John Serhan (collectively, "Defendants") have opposed such dismissal. For the reasons set forth below, voluntary dismissal is proper and this case is closed.

*Prior Proceedings*

On March 15, 1991, a class action was brought on behalf of all present and future deaf and hard-of-hearing inmates in the New York State correc-tional system. The class alleged that the New York State Department of Correctional Services ("DOCS") violated their rights under the Rehabilit-ation Act, 29 U.S.C. § 794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1213*etseq.,* the Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. § 1983. On February 3, 1992, the *Clarkson* defendants' motion to dismiss was denied, *seeClarkson v. Coughlin,* 783 F.Supp. 789 (S.D.N.Y.1992), and on January 25, 1993, two plaintiff sub-classes were certified, sub-classes comprised of all present and future deaf and hearing-impaired male and female inmates of the New York State Department of Correctional Services "who have been, are, or will be discrimin-ated against, solely on the basis of their disability, in receiving the rights and privileges accorded to all other inmates."*Clarkson v. Coughlin,* 145 F.R.D. 339, 348 (S.D.N.Y.1993).

On August 3, 1994, the class moved for a declarat-ory judgment, permanent injunctive relief and summary judgment. On June 16, 1995, this Court issued an opinion and order granting in part and denying in part the plaintiffs' motion, and concluding that the *Clarkson* defendants had violated the plaintiffs' statutory and constitutional rights when they failed, *interalia,* to provide deaf and hearing-impaired inmates with sign language interpreter services and other assistive communication devices during reception, classification, educational, vocational, counseling, medical and mental health encounters and during disciplinary, grievance and parole proceedings. *SeeClarkson v. Coughlin,* 898 F.Supp. 1019 (S.D.N.Y.1995).

On June 6, 1996, the parties in *Clarkson v. Coughlin* entered into a consent order and judgment that was ordered by the Court (the "Consent Decree"). The Consent Decree outlines, in considerable detail, the relief to which the class is entitled and provides a mechanism for compliance with the judgment.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 2397193 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2004 WL 2397193)**

On or before October 21, 2003, Medina moved by order to show cause in *Clarkson v. Coughlin* to hold Defendants in contempt of the Consent Decree and for a temporary restraining and preliminary injunctive relief.

By order dated October 23, 2003 and filed October 28, 2003 (the "October 2003 Order") entered in *Clarkson v. Coughlin* and certain related actions, this Court set forth the procedures to be followed by inmates filing motions and other papers seeking monetary relief to enforce the Consent Decree in *Clarkson v. Coughlin.* Pursuant to the October 2003 Order, "[e]ach prisoner will file a complaint with the Clerk's Office, which will be assigned a separate docket number, and will be designated as a related case to *Clarkson v. Goord.*"(October 2003 Order, at 2.) The October 2003 Order specifies that all prisoners filing a complaint after the date of the October 2003 Order will be required "to first submit their complaints for resolution to an ombudsperson appointed by the State. This ombudsperson will determine whether the prisoner is a member of the class covered by the decree and whether a violation occurred."(*Id.*)

**\*2** Pursuant to an order dated November 14, 2003 and filed November 17, 2003 (the "November 2003 Order"), and "[n]otwithstanding" the October 2003 Order, Medina's motion was assigned its own docket number and designated as related to *Clarkson v. Coughlin.*(November 2003 Order, at 1.)

Discovery proceeded, a hearing on Medina's motion for contempt and a preliminary injunction was scheduled and repeatedly adjourned, and on March 29, 2004, Medina noticed the voluntary dismissal of this proceeding pursuant to Rule 41(a)(1)(i), Fed.R.Civ.P. Defendants have opposed voluntary dismissal, and following the submission of various materials on and before April 27, 2004, the matter was deemed fully submitted.

*Discussion*

Medina argues that Rule 41(a)(1)(i), Fed.R.Civ.P., explicitly provides that a plaintiff may notice voluntary dismissal without leave of court "at any time before service by the adverse party of an answer or of a motion for summary judgment."Fed.R.Civ.P. 41(a)(1)(i). As Defendants have neither filed an answer nor a motion for summary judgment, Medina asserts that dismissal of this matter under Rule 41(a)(1)(i) is proper and that, while Medina "has no intention to bring another action based on the facts involved in this matter," the Federal Rules of Civil Procedure make clear that a voluntary dismissal is without prejudice. (Letter of Nicholas K. Lagemann to the Court, dated March 30, 2004, at 2.)

Defendants argue that any dismissal of the instant proceeding should be with prejudice, in light of the substantial resources invested by Defendants in litigating this matter to the eve of a hearing. Defendants further contend that this matter was treated as a separate contempt proceeding under the *Clarkson* Consent Decree and only assigned a separate docket number for housekeeping purposes. Accordingly, Defendants argue, any dismissal should be effected by the filing of a stipulation of dismissal signed by all parties who have appeared, pursuant to Rule 41(a)(1)(ii), Fed.R.Civ.P., or by order of the court "and upon such terms and conditions as the court deems proper."Fed.R.Civ.P. 41(a)(2). If Medina's proceeding is dismissed without prejudice, Defendants argue that Medina should reimburse Defendants for their costs incurred in preparing for the contempt hearing and that he should be precluded from bringing a subsequent action based on the underlying facts at issue here.

*Dismissal Without Prejudice Is Appropriate*

Rule 41(a)(1), Fed.R.Civ.P., provides, in pertinent part, that:

[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2004 WL 2397193 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2004 WL 2397193)**

judgment, whichever first occurs.... Unless otherwise stated in the notice of dismissal ..., the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any action of the United States or of any state an action based on or including the same claim.

*3 Fed.R.Civ.P. 41(a)(1).Rule 41(a)(1) thus provides for "automatic dismissal" without court order, subject to the provisions of Rules 23(e) and 66, Fed.R.Civ.P., if a plaintiff files a notice of voluntary dismissal before the defendant has either answered or moved for summary judgment.*Valley Disposal, Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.,* 71 F.3d 1053, 1055 n. 2 (2d Cir.1995).

"Within the limitations set forth by the rule itself, the right to dismiss pursuant to Rule 41(a)(1) is 'absolute." ' *In re WorldCom, Inc. Sec. Litig.,* Nos. 03 Civ. 4496*etal., 2003 WL 23095478, at *2 (S.D.N.Y. Dec. 30, 2003)* (quoting *Bressler v. Liebman,* No. 96 Civ. 9310(LAP), 1998 WL 167334, at *2 (S.D.N.Y. Apr. 8, 1998)). Thus, where the conditions set forth in the Rule have been met, "neither the Court nor a defendant may prevent Rule 41(a)(1)(i) dismissal." *Bressler,* 1998 WL 167334, at *8;*seealso*Barr Bros. & Co. v. Senft, No. 82 Civ. 5007, 1982 WL 1342, at *3 (S.D.N.Y. Oct. 27, 1982) ("The consensus of opinion is that Rule 41(a)(1) means just what it says-if no answer or motion for summary judgment has been served, the plaintiff has the unilateral right to discontinue his action. There is no discretion of the court involved."). The "[m]ere expenditure of time and money by a defendant ... does not bar a plaintiff from timely dismissing an action under Rule 41(a)(1)(ii)." *Johnson Chem. Co. v. Home Care Prods., Inc.,* 823 F.2d 28, 31 (2d Cir.1987), *abrogated on other grounds by*Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990).

Although a plaintiff may enjoy the unfettered ability to dismiss an action under Rule 41(a)(1)(i),

"Once the defendant has filed a summary judgment motion or answer," however, "the plaintiff may dismiss the action only by stipulation, or by order of the court, upon such terms and conditions as the court deems proper."*Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 394, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (citations omitted). The Supreme Court has noted that Rule 41(a)(1)"allow[s] a plaintiff to dismiss an action without the permission of the adverse party or the court only during the brief period before the defendant ha [s] made a significant commitment of time and money."*Id.* at 397.

*In re WorldCom,* 2003 WL 23095478, at *2 (alterations in original).

Courts have construed Rule 41(a)(1) strictly in determining whether voluntary dismissal has been foreclosed by the interposing of an answer or summary judgment motion. *See,e.g.,Santiago v. Victim Servs. Agency,* 753 F.2d 219, 222 (2d Cir.1985) (noting that the wording of Rule 41 is "unambiguous" and emphasizing that "[o]nly the occurrence of one of the two events specified in the rule can cut off the plaintiff's right unilaterally to dismiss the action"), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990).

In this vein, courts have repeatedly rejected arguments that events or filings other than answers or motions for summary judgment may be deemed the "equivalent" of those items for purposes of Rule 41(a)(1).*See,e.g.,Santiago,* 753 F.2d at 221-22 (declining to treat the defendants' opposition to a motion for a preliminary injunction or their involvement in a multi-day hearing on the motion "as the equivalent of an answer or a motion for summary judgment under Rule 41"); *Thorp v. Scarne,* 599 F.2d 1169, 1173 (2d Cir.1979) (rejecting the argument that a brief accompanied by supporting affidavits and submitted in opposition to an application for a temporary restraining order might be treated as the "equivalent" of a motion for summary judgment and commenting that "Defendants, not surprisingly, have cited no authority for the propos-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                   Page 4
Not Reported in F.Supp.2d, 2004 WL 2397193 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2004 WL 2397193)**

ition that arguments advanced in a party's memorandum of law may be considered the equivalent of motions properly filed and served"); *Sheldon v. Anperex Elec. Corp.,* 52 F.R.D. 1, 7-9 (E.D.N.Y.1971) (rejecting the defendant's argument that extensive discovery should be treated as the equivalent of an answer for purposes of Rule 41(a)(1)(i)); *compareYosef v. Passamaquoddy Tribe,* 876 F.2d 283, 286 (2d Cir.1989) (concluding that where a motion to dismiss brought pursuant to Rule 12(b)(6), Fed.R.Civ.P., "ripens into one for summary judgment, the right to voluntary dismissal is extinguished at the time the motion is served"). As the Second Circuit has explained,

**\*4** Obviously, Rule 41(a)(1)(i) dismissals will no longer be self-executing, as intended, if there is to be frequent judicial intervention for the purpose of determining whether the "equivalent" of an answer or a motion for summary judgment has been served or for the purpose of weighing whether the merits have been sufficiently considered by the court to warrant terminating the plaintiff's right to dismiss the proceedings.

*Thorp,* 599 F.2d at 1176.

It is undisputed that Defendants have not filed either an answer or a motion for summary judgment denominated as such, although they suggest that their opposition papers to Medina's contempt motion could serve as the equivalent of an answer or motion for summary judgment. In light of the authorities discussed above, *see,e.g.,Santiago,* 753 F.2d at 221-22;*Thorp,* 599 F.2d at 1173, no such equivalence may be found, and on a strict reading of Rule 41(a)(1)(i) voluntary dismissal would appear to be entirely appropriate.

Defendants urge, however, that the instant proceeding was not filed as a separate action which would necessitate an answer or motion for summary judgment since it was instituted by means of a civil contempt motion and order to show cause for temporary relief, and only assigned a separate docket number as the result of the terms of the November 2003

Order. According to Defendants, it follows that Medina is not entitled to dismiss the proceeding voluntarily as a matter of right under Rule 41(a)(1)(i), and may only dismiss the proceeding pursuant to the terms of Rule 41(a)(2), Fed.R.Civ.P.

Pursuant to Rule 41(a)(2), except as provided under subsection (1) of Rule 41(a), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."Fed.R.Civ.P. 41(a)(2)."Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."*Id.*"A district court may allow a plaintiff to dismiss an action [under Rule 41(a)(2) ] if the defendant will not be prejudiced thereby."*Correspondent Servs. Corp. v. First Equities Corp. of Florida,* 338 F.3d 119, 126 (2d Cir.2003)."Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any undue vexatiousness on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss."*Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (1990) (internal quotation marks omitted).

Defendants have posed a tantalizing problem with regard to the propriety or necessity of interposing an answer or a motion for summary judgment in a proceeding with the unusual procedural posture that this one enjoys. Even if the premise proposed by Defendants were adopted, however, it does not follow that dismissal under Rule 41(a)(2)-which, like Rule 41(a)(1)(i), applies to "action[s]"-would be available.[FN1] Furthermore, even if Rule 41(a)(2) applied here, Defendants have not established that they would be prejudiced by dismissal of this proceeding or that dismissal without prejudice should be conditioned upon the grounds they identify.

> FN1. Defendants' argument, taken to its logical extent, would suggest that Medina's notice of voluntary dismissal should be

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2004 WL 2397193 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2004 WL 2397193)**

treated as an application for leave to withdraw the underlying motion for civil contempt. Leave to withdraw a motion without prejudice may be granted in the absence of a showing of prejudice to other parties, *see,e.g.,Harris v. Butler,* 961 F.Supp. 61, 62 (S.D.N.Y.1997), and for the reasons set forth below, Defendants have not established prejudice that would warrant setting conditions on the termination of this proceeding.

**\*5** Specifically, Defendants' contention that they might be subject to a second lawsuit and duplicative expenses does not warrant dismissal with prejudice in view of Medina's representation that he has no intention to bring another action based on the facts involved in this matter. Moreover, "[t]he United States Supreme Court recognized long ago that starting a litigation all over again does not constitute legal prejudice."*D'Alto v. Dahon Cal., Inc.,* 100 F.3d 281, 283 (2d Cir.1996) (citing *Jones v. Sec. & Exch. Comm'n,* 298 U.S. 1, 19 (1936) ("The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint ... unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter.")). To the extent that Defendants have expressed special concern with regard to costs incurred, Rule 41(d), Fed.R.Civ.P., provides Defendants substantial, and seemingly adequate, protection in this regard.[FN2] It does not appear, in light of certain outstanding discovery issues, that this proceeding was on the eve of a hearing when Medina noticed voluntary dismissal, as Defendants claim, or that there is any evidence of undue vexatiousness on Medina's part. Finally, neither Medina's reasons for noticing the voluntary dismissal of this matter following his transfer on March 19, 2004, to a correctional facility which has assertedly met his requested accommodations nor his diligence in noticing dismissal after this transfer occurred provides any basis for dismissing this proceeding with prejudice or upon any of the conditions Defendants ad-

vocate.

FN2.Rule 41(d) provides that "[i]f a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."Fed.R.Civ.P. 41(d).

As Medina has met the standard for voluntary dismissal under Rule 41(a)(1)(i), strictly construed, and Defendants have not established that dismissal with prejudice or upon the enumerated conditions would be appropriate even in the event that Rule 41(a)(2) applied, Medina's notice of voluntary dismissal shall be filed by the Court and this case closed.

It is so ordered.

S.D.N.Y.,2004.
Medina v. New York State Dept. of Correctional Services
Not Reported in F.Supp.2d, 2004 WL 2397193 (S.D.N.Y.)

END OF DOCUMENT

**TAB 3**

Not Reported in F.Supp.                                                              Page 1
Not Reported in F.Supp., 1998 WL 167334 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1998 WL 167334)**

Bressler v. Liebman
S.D.N.Y.,1998.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Martin BRESSLER, Plaintiff,
v.
Alan LIEBMAN, Esq., Robert Lillienstein, Esq.,
Winick & Rich, P.C., Holtzmann, Wise & Shepard,
Jack Newfield, Nyp Holdings, Inc., New York Post,
Inc., Sam Shaw, Edie Shaw Marcus, and Meta
Shaw Evans, Defendants.
No. 96 Civ. 9310(LAP).

April 8, 1998.

### MEMORANDUM AND ORDER

PRESKA, J.

**\*1** This case involves what I have already described
as the "seemingly endless campaign" mounted by
the plaintiff, Martin Bressler ("Bressler"), against
the various named defendants (the "Defendants").
*Bressler v. Liebman,* 96 Civ. 9310, 1997 WL
466553 at *1 (S.D.N.Y. August 14, 1997).* The
facts underlying this dispute are set forth in my Au-
gust 14, 1997, Order (the "August 14 Order"), fa-
miliarity with which is presumed.

### BACKGROUND

The conclusion of my August 14 Order read as fol-
lows:

I direct plaintiff and his Counsel to post a bond in
the amount of $50,000 as security for the defend-
ants' fees and costs in defending this case within
five days of the date hereof. In the event such a
bond is not posted, the action will be dismissed.

1997 WL 466553, at *8. Unwilling or unable to do
so, plaintiff never posted the bond required in the
August 14 Order. Rather, in an apparent attempt to

avoid the consequence of such a failure-involuntary
dismissal of his action pursuant to Fed.R.Civ.P.
41(b)-plaintiff sought to dismiss the action volun-
tarily under Rule 41(a)(1)(i). To this end, on Au-
gust 19, 1997, this court received a letter from
Bressler's attorney, Michael Marino, dated August
15, 1997. The letter stated: "In light of your
Memorandum and Order dated August 14, 1997,
Plaintiff voluntarily dismisses (this) action ."*See*
Letter from Michael Marino to Court, dated August
15, 1997.[FN1] Further, on August 21 chambers re-
ceived from the Clerk of the Court a "Rule 41 No-
tice of Dismissal" that the Clerk had marked to be
"So Ordered."[FN2]

> FN1. Additionally, this letter reaffirmed
> Marino's assertion that he was, in fact, ad-
> mitted to practice in this district, and in-
> cluded a copy of his certificate of admis-
> sion. Marino's status at the bar of this court
> was subject to some confusion at the time
> of my August 14 Order.

> FN2. Plaintiff's Notice of Voluntary Dis-
> missal was not immediately filed by the
> Clerk but was unnecessarily sent to the
> Court to be "So Ordered." It was received
> in chambers on August 21, 1997, and
> hence was tendered to the Clerk on or be-
> fore August 21, 1997. Because defendants
> contested plaintiffs' right to terminate the
> action by notice, the Notice was not signed
> or filed, pending resolution of the issues
> raised in this Order. *See Barr Brothers &
> Co. v. Senft,* No. 82 Civ. 5007, 1982 WL
> 1342, at *1 n. 1 (S.D.N.Y. Oct.27, 1982).*

At this stage, neither party argues against dismissal
of the action; rather they dispute the preclusive ef-
fect of dismissal. Predictably, defendants argue that
dismissal should be with prejudice; plaintiff con-
tends it should be without.

## DISCUSSION

Defendants contend that dismissal of Bressler's case should be "with prejudice." They argue that because I required Bressler to post the bond within five days of the August 14 Order, Bressler was required to post the bond no later than August 19, 1997. Bressler's failure to post the bond by that time would, in turn, effect an involuntary dismissal of Bressler's action "with prejudice" under Rule 41(b). Therefore, defendants argue that plaintiff's Notice of Dismissal, delivered to the Court on August 21, 1997, was without legal effect because the action was already dismissed at the close of business on August 19. Defendants are mistaken as to the deadline set by the August 14 Order.

Rule 6 of the Federal Rules of Civil Procedure prescribes the method for computing periods of time prescribed "by order of court." Fed.R.Civ.P. 6. The Rule provides that "the day of the act, event or default from which the designated period of time begins to run shall not be included." *Id.* Pertinently, the rule also provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." *Id.*

**\*2** In this case, the order was issued on Thursday, August 14, 1997, and directed Bressler to post the bond "within five days of the date hereof." Excluding August 14, as required by the rule, computation of the five days would commence with August 15. Straight computation of a five day period beginning on August 15 would set an August 19 deadline for compliance with the order.[FN5] Under this schedule, Bressler's failure to post a bond by the end of the day on August 19 would have operated to automatically dismiss the case, and any submissions made by him after August 19 would indeed be without legal effect.

> FN3. This method would exclude the date of the order, August 14, and include the five day period consisting of Friday, August 15, Saturday, August 16, Sunday, August 17, Monday, August 18, and Tuesday, August 19.

However, because the August 14 Order directed action "within five days of the date hereof,"1997 WL 1997 WL 466553 at \*8, the "period of time prescribed or allowed is less than 11 days" under Rule 6. In such cases, the rule directs that "intermediate Saturdays, Sundays, and legal holidays shall be excluded in the Computation." *Id.* Accordingly, excluding the intermediate Saturday and Sunday, the five days to be counted in computing the deadline under the August 14 Order are Friday, August 15, Monday, August 18, Tuesday, August 19, Wednesday, August 20, and Thursday, August 21. Accordingly, plaintiff had until the end of the day on Thursday, August 21, to post the required bond; failure to do so would have effected dismissal of his action.

Accordingly, whether measured from receipt of Marino's August 15 letter on August 19, or the "Rule 41 Notice of Dismissal" on August 21, plaintiff filed a Rule 41(a)(1)(i) dismissal before the deadline imposed by the August 14 order.

Under Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, a plaintiff may dismiss an action "without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed.R.Civ.P. 41(a)(1)(i). This Rule gives plaintiff an absolute right to dismissal if the notice is filed before an answer or summary judgment motion. *See Santiago v. Victim Services Agency,* 753 F.2d 219, 221 (2d Cir.1985), *overruled on other grounds, Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *see also Yosef v. Passamauoddy Tribe,* 876 F.2d 283, 285 (2d Cir.1989); *Katzman v. American Airlines, Inc.,* No. 97 Civ. 8321(JSM), 1997 WL 752730, at \*1 (S.D.N.Y. Dec.4, 1997). Neither the Court nor a defendant may prevent Rule 41(a)(1)(i) dismissal. *Cooter & Gell,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359.[FN4]

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 167334 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1998 WL 167334)**

Page 3

FN4. There has been only one exception to this bright-line rule. In *Harvey Aluminum v. American Cyanamid Co.,* plaintiffs had sought and obtained a temporary restraining order in connection with a motion for a preliminary injunction. 203 F.2d 105 (2d Cir.), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953). After an evidentiary hearing lasting several days and which generated over 400 pages of transcripts, the district court dissolved the temporary stay and denied the injunction, finding plaintiff's chance for success on the merits "remote, if not completely nil." Defendants moved for an order enjoining plaintiffs from instituting further actions and plaintiff responded with a notice of voluntary dismissal. The district court refused to vacate the dismissal because no answer or motion for summary judgment had been filed. The Second Circuit reversed, finding that because the merits of the case had been "squarely raised" in the district court, the proceeding had advanced beyond a stage at which Rule 41(a)(1)(i) dismissal was appropriate.

As the Court of Appeals has subsequently noted, however, *Harvey* has received a cool reception and has Consistently been either limited to its "extreme" facts or rejected as poorly reasoned. *See Thorp v. Scarne,* 599 F.2d 1169, 1175 (2d Cir.1979) (collecting cases). In *Thorp* the court noted that "while *Harvey Aluminum* may have furthered one purpose of Rule 41(a)(1)(i), that of confining dismissals to an early stage of the proceedings, it did so at the expense of a concurrent and perhaps equally important purpose, that of establishing a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action." *Id.* at 1175.

Although both defense counsel and I were forced to expend significant resources on Bressler's defective case, the stricture of Rule 41(a)(1)(i), as reinforced in *Thorp,* prevents my departing from the Rule's steadfast, literal command.

Further, the Rule is explicit that 41(a)(1)(i) dismissal shall be "without prejudice." The rule provides:

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Fed.R.Civ.P. 41(a)(1).

**\*3** Bressler's dismissal under 41(a)(1)(i) was valid because he tendered his notice to the Clerk before his action was otherwise dismissed.[FN5] That notice did not indicate that dismissal be "with prejudice" and, despite his long and less than successful history in other courts, see Bressler v. Liebman, 1997 WL 466553, at *2, there is no indication that Bressler "has once dismissed ... an action based on or including the same claim." Accordingly, this dismissal must be without prejudice.

FN5. Voluntary dismissal under 41(a)(1)(i) is effective in the absence of action by the court. *Thorp,* 599 F.2d at 1176.

As can be seen from the discussion in my August 14 Order, defendants understandably seek to prevent Bressler from instituting a similar action against them in the future. But the outcome under Rule 41(a)(1)(i) cannot change even though Bressler is a vexatious litigant pressing flawed claims; the mere prospect of a second lawsuit is not sufficient to render a dismissal "on the merits" within the meaning of the Rule. *Debruyn Produce*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                Page 4
Not Reported in F.Supp., 1998 WL 167334 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1998 WL 167334)**

*Co. v. Sobiech,* No. 91 Civ. 7995(PKL), 1992 WL 168098 (S.D.N.Y. June 30, 1992). As noted by the Court of Appeals:

One need not be an expert in game theory to conclude that plaintiffs tend to dismiss actions that do not look promising while defendants generally want to obtain an adjudication on the merits in precisely the same cases. As long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge.

*Thorp,* 599 F.2d at 1176 n. 10.

As noted above, neither the Court nor a defendant may prevent Rule 41(a)(1)(i) dismissal. *Cooter & Gell,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359. The dismissal "is within the unfettered power of the plaintiff", and the Rule establishes a "bright line" that leaves "no discretion to the courts." *Santiago,* 753 F.2d at 221, 222 (citing *Thorp v. Scarne,* 599 F.2d at 1173, 1175-76). In short, under Rule 41(a)(1)(i) I may not affect the effect of Bressler's dismissal.

### CONCLUSION

The Clerk of the Court is directed to file plaintiff's Notice of Voluntary Dismissal and it shall be deemed effective August 21, 1997. Pursuant to Rule 41(a)(1)(i), this action is dismissed without prejudice. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

S.D.N.Y.,1998.
Bressler v. Liebman
Not Reported in F.Supp., 1998 WL 167334 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**TAB 4**

Westlaw.

Not Reported in F.Supp.                                                                    Page 1
Not Reported in F.Supp., 1982 WL 1342 (S.D.N.Y.), Fed. Sec. L. Rep. P 98,847
**(Cite as: Not Reported in F.Supp., 1982 WL 1342)**

Barr Brothers & Co., Inc. v. Senft
S.D.N.Y. 1982.

United States District Court; S.D. New York.
**Barr Brothers & Co., Inc., et al.**
**v.**
**Senft, et al.**
**No. 82 Civ. 5007**

October 27, 1982

TENNEY, District Judge.

**\*1** On August 30, 1982, three days after a hearing at which their motion for a preliminary injunction was denied, plaintiffs submitted to the Clerk of the Court a Notice of Voluntary Discontinuance of this action.[FN1] Later that same day, the defendants, arguing that the plaintiffs should not be permitted to terminate the action by notice of voluntary discontinuance, moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. Defendants also moved for an award of attorneys' fees. For the reasons discussed below, the Court holds that the defendants' motions must be denied, and that plaintiffs' Notice of Voluntary Discontinuance should be filed immediately, and deemed effective as of August 30, 1982, the date on which it was submitted to the Clerk.

> FN1. Plaintiffs' Notice of Voluntary Discontinuance was not immediately filed by the Clerk but was sent-unnecessarily-to the Court to be "so ordered." Because defendants contested plaintiffs' right to terminate the action by notice, the Notice was not signed or filed, pending resolution of the claims discussed herein.

*Background*

The plaintiffs in this action, Barr Brothers & Co., Inc. and Derrey, Mangin, Flowers & Co., are limited partners in Sentinel Government Securities ("Sentinel"), a partnership trading in government securities and other investments. Their complaint charged Sentinel's two general partners, Michael Senft and SGS, Inc., with violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 in connection with their offer to redeem the limited partners' shares. The redemption offer by its own terms expired on July 30, 1982, but plaintiffs obtained a temporary restraining order requiring the defendants to keep the offer open, with respect to them, until the close of business on August 27, 1982, the scheduled date of the hearing on their motion for a preliminary injunction. At the August 27, hearing, this Court denied plaintiffs' motion for a preliminary injunction and dissolved the temporary restraining order, for reasons set forth in its Opinion dated September 1, 1982. Moreover, at the hearing the Court expressed doubts about its jurisdiction over the suit absent a showing by the plaintiffs that they met the purchaser-seller requirement for bringing a Rule 10b-5 action. *See Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723 (1975); *Birnbaum v. Newport Steel Corp.,* 193 F.2d 461, 463-64 (2d Cir.), *cert. denied,* 343 U.S. 956 (1952). However, rather than dismissing the suit at the hearing, and in order to give the plaintiffs an opportunity to respond more fully to the charge that they lacked standing to bring the suit, the Court directed defendants to submit papers on a motion to dismiss. Plaintiffs, instead of using the additional time granted by the Court to formulate a response to the defendants' motion, chose to file a Notice of Voluntary Discontinuance ("the Notice"). The Notice was submitted only a few hours before the Court received defendants' papers in support of their motion to dismiss.

**\*2** Defendants claim that because the Court has already addressed the merits of this suit, plaintiffs may not terminate the suit simply by filing a notice of voluntary discontinuance, and argue that this Court should dismiss the action. Plaintiffs respond that they had the right, under Federal Rule of Civil Procedure ("Rule") 41(a)(1) to terminate the action

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp., 1982 WL 1342 (S.D.N.Y.), Fed. Sec. L. Rep. P 98,847
**(Cite as: Not Reported in F.Supp., 1982 WL 1342)**

by filing the Notice, and argue that defendants' motion, filed after their Notice was submitted, may not be considered by the Court.

*Discussion*

Rule 41(a)(1) provides, in pertinent part, that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." It is clear that Rule 41(a)(1), by its plain terms, permits plaintiffs to terminate their action by notice. No answer or motion for summary judgment had been served prior to plaintiffs' Notice. The Motion that defendants did file was a motion to dismiss, not a motion for summary judgment; a motion to dismiss does not cut off a plaintiff's right to terminate his action by notice, unless it is supported by materials outside the pleadings and can properly be treated as one for summary judgment. *Nix v. Fulton Lodge No. 2, Int'l Assoc. of Machinists,* 452 F.2d 794 (5th Cir. 1971), *cert. denied,* 406 U.S. 946 (1972); *National Cement Co. v. Mead Corp.,* 80 F.R.D. 703 (S.D.N.Y. 1978); 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice P 41,02[3] at 41-31 to -32 (2d ed. 1982). Even if the Court could treat defendants' motion as one for summary judgment, a motion served on plaintiffs *after* they had informed defendants of their intent to file the Notice and submitted that Notice to the Clerk, would not cut off plaintiffs' right to terminate the action by notice. Although at the hearing defendants indicated their intention to move to dismiss, and the Court indicated its willingness to entertain such a motion, the motion was not actually served and filed until three days later, after plaintiffs submitted their Notice. The in-court discussion did not fulfill Rule 41's requirement that the motion be served on plaintiffs prior to plaintiffs' filing their Notice to cut off their right to terminate by notice. *See Thorp v. Scarne,* 599 F.2d 1169, 1172-73 & n.4 (2d Cir. 1979).

Although under the plain terms of Rule 41(a)(1) it would appear that plaintiffs had the right to termin-

ate this action by notice, defendants nevertheless argue, citing *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir.), *cert. denied,* 345 U.S. 964 (1953), that because the Court had addressed the merits of this action, plaintiffs had lost that right. In *Harvey Aluminum,* prior to the plaintiffs filing a notice of voluntary dismissal, the court had held a lengthy hearing on plaintiff's motion for a preliminary injunction. After the hearing, which required several days of argument and testimony and yielded a 420-page record, the district court denied plaintiff's motion, concluding, *inter alia,* that plaintiff's chance of success on the merits was remote. *Id.* at 107. Plaintiff subsequently filed a notice of voluntary dismissal, which the district court refused to vacate. The court of appeals reversed, however, concluding that because the merits of the case had been "squarely raised" and the district court's assessment of the merits provided a partial basis for its denial of the injunction, a literal application of Rule 41(a)(1) to the case "would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." *Id.* at 108.

**\*3** However, courts and commentators almost without exception have either rejected *Harvey Aluminum* outright or severely limited it to its factual setting. *See, e.g., Thorp v. Scarne, supra; D.C. Electronics v. Nartron Corp.,* 511 F.2d 294 (6th Cir. 1975); *Pilot Freight Carriers v. International Bhd. of Teamsters,* 506 F.2d 914 (5th Cir.), *cert denied,* 422 U.S. 1048 (1975); *Sheldon v. Amperex Elec. Corp.,* 52 F.R.D. 1 (E.D. N.Y.), *aff'd,* 449 F.2d 146 (2d Cir. 1971); *Gianis & Co. v. Ostrau,* 43 F.R.D. 405 (S.D.N.Y. 1967) (Mansfield, J.). *See generally,* 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice P 41.02[3] at 41-32 to -34; 9 C. Wright & A. Miller, Federal Practice & Procedure § 2363 at 156-58 (1971). The consensus of opinion is that Rule 41(a)(1) means just what it says-if no answer or motion for summary judgment has been served, the plaintiff has the unilateral right to discontinue his action. There is no discretion of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                    Page 3
Not Reported in F.Supp., 1982 WL 1342 (S.D.N.Y.), Fed. Sec. L. Rep. P 98,847
**(Cite as: Not Reported in F.Supp., 1982 WL 1342)**

the court involved. *See American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir. 1963) (as long as plaintiff has not been served with an answer or motion for summary judgment, terminating the action by filing a notice of dismissal "is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court").

Recently, in *Thorp v. Scarne, supra,* the Second Circuit had occasion to address its decision in *Harvey Aluminum.* In *Thorp,* after a hearing lasting less than two hours, during which no testimony was given, the district court denied plaintiff's motion for a temporary restraining order. Plaintiff subsequently filed a notice of voluntary dismissal, which was vacated by the court. The court of appeals reversed. The court noted that its opinion in *Harvey Aluminum* had not been well-received, and cited the relative infrequency with which appeals courts have had to resolve disputes under Rule 41(a)(1)(i) as evidence of "[t]he wisdom of the bright-line test established by the rule." *Thorp v. Scarne, supra,* 599 F.2d at 1175. Moreover, the court observed that because the substantial likelihood of success on the merits is always a factor in a district court's decision whether to grant a preliminary injunction, interpreting *Harvey Aluminum* to proscribe dismissal under Rule 41(a)(1)(i) whenever the merits of a controversy have been raised would result in a ' "flat amendment of Rule 41 (a)(1) to preclude dismissal by notice in any case where preliminary injunctive relief is sought.' " *Id.* at 1175-76, quoting *Pilot Freight Carriers v. International Bhd. of Teamsters, supra,* 506 F.2d at 917. Accordingly, the court held that "at least in cases falling short of the extreme exemplified by *Harvey Aluminum,* notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur." *Thorp v. Scarne, supra,* 599 F.2d at 1176.

The hearing held in this case falls short of the "extreme exemplified by *Harvey Aluminum.*" It took less than an hour, and no testimony was given. In the time it consumed and the detail with which

the merits were addressed, it more closely resembled the hearing held by the district court in *Thorp v. Scarne* than the one in *Harvey Aluminum.* Thus, this Court is compelled to conclude that plaintiffs did not lose their right to terminate this action by virtue of the hearing on their motion for a preliminary injunction. Plaintiffs' effectively terminated their action on August 30, 1982, when they submitted their Notice.

**\*4** Therefore, defendants' motion to dismiss is denied, on the ground that it was filed after plaintiffs discontinued this action. In so holding, the Court takes no position on the merits of defendants' motion to dismiss.

Finally, defendants have moved for an award of attorneys' fees incurred in defending this action. It is the prevailing rule that parties to an action bear their own counsel fees, regardless of the outcome of the action. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975). However, a court may award fees to the prevailing party in exceptional circumstances, such as where an action has been commenced "in bad faith, vexatiously, wantonly or for oppressive reasons." *F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129 (1974); *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir. 1980). In order to find that plaintiffs acted in bad faith, there must be " 'clear evidence' " that the claims are " 'entirely without color *and* made for reasons of harassment or delay or for other improper purposes.'" *Nemeroff v. Abelson, supra,* 620 F.2d a 348, quoting *Browning Debenture Holders' Comm. v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir. 1977).

Applying that standard to this case, the Court concludes that the record does not support a finding that plaintiffs acted in bad faith or for improper purposes. Although plaintiffs' decision to bring this action and the manner in which they conducted it may not have been their most effective means of protecting their interests, there is little basis for a conclusion that they brought this action with improper motives. Accordingly, defendants' motion

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 4
Not Reported in F.Supp., 1982 WL 1342 (S.D.N.Y.), Fed. Sec. L. Rep. P 98,847
**(Cite as: Not Reported in F.Supp., 1982 WL 1342)**

for an award of attorneys' fees is denied.

In sum, defendants' motion to dismiss is denied on the ground that it was filed after plaintiffs' discontinued this action. Plaintiffs' Notice of Voluntary Discontinuance will be filed immediately and deemed effective August 30, 1982, the date on which it was submitted to the Clerk of the Court. Defendants' motion for an award of attorneys' fees is denied.

So ordered.

S.D.N.Y. 1982.
Barr Bros. & Co., Inc. v. Senft
Not Reported in F.Supp., 1982 WL 1342 (S.D.N.Y.), Fed. Sec. L. Rep. P 98,847

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**TAB 5**

Slip Copy                                                                                          Page 1
Slip Copy, 2008 WL 276486 (E.D.Tenn.)
**(Cite as: Slip Copy, 2008 WL 276486)**

Lowe v. Fountain Forestry, Inc.
E.D.Tenn.,2008.
Only the Westlaw citation is currently available.
United States District Court, E.D. Tennessee.
Gaydon LOWE and wife Melissa Lowe, Plaintiffs,
v.
FOUNTAIN FORESTRY, INC., Defendants.
**No. 3:08-CV-08.**

Jan. 30, 2008.

Jim Terry, Jeffers & Terry, Oneida, TN, for
Plaintiffs.
Andrew R. Tillman, Joshua R. Walker, Paine, Tar-
water, Bickers & Tillman, Knoxville, TN, for De-
fendants.

### *MEMORANDUM OPINION*

THOMAS W. PHILLIPS, District Judge.
**\*1** On January 14, 2008, plaintiffs filed a notice of
voluntary dismissal without prejudice [Doc. 6]. De-
fendant now moves to strike plaintiff's notice of
voluntary dismissal [Doc. 4] because it had filed its
answer and cross-complaint and because plaintiff
did not comply with the Local Rules of this court
requiring electronic filing.

For the reasons that follow, defendant's motion is
**DENIED,** plaintiffs' claims are **DISMISSED**
without prejudice, and defendant's counterclaim is
**REMANDED** to the Chancery Court for Scott
County, Tennessee.

### I. BACKGROUND

On December 18, 2007, plaintiffs brought the in-
stant action in the Chancery Court for Scott County,
Tennessee. On January 10, 2008, defendant re-
moved the action to this court, citing diversity of
citizenship as the basis for this court's jurisdiction.
On January 14, 2008, the plaintiffs filed a notice of
voluntary dismissal. Instead of utilizing this court's

electronic filing system, plaintiffs filed a copy with
the office of the Clerk of Court and both mailed and
hand-delivered copies to defendant. That same day,
defendant electronically filed its answer and
counter-complaint. Plaintiffs apparently filed their
notice of voluntary dismissal a short time before
defendant filed its answer and counter-complaint.

Defendant moves the court to strike plaintiffs' vol-
untary dismissal. In support, defendant argues that
plaintiffs' notice should not be given priority, as it
was filed in violation of this court's local rules re-
quiring electronic filing. Defendant also disputes
the validity of the service of the notice. Assuming
priority, defendant argues that voluntary dismissal
is precluded under Federal Rule of Civil Procedure
42(a)(1), as the notice was served after the answer
was filed. Finally, defendant argues that this is
merely a vehicle for plaintiffs to refile this action in
state court, pleading a lesser amount of damages
such that federal jurisdiction based on diversity of
citizenship would not exist.

Plaintiffs do not dispute that they did not file elec-
tronically, but note to the court that they had not
expected to practice in federal court and have not
done so for several years. Plaintiffs also cite Feder-
al Rule of Civil Procedure 5(d)(4), which states that
"[t]he clerk must not refuse to file a paper solely
because it is not in the form prescribed by these
rules or by a local rule or practice."Finally,
plaintiffs note that if they had waited for their regis-
tration on the electronic filing system to become
complete, they would have been prejudiced by the
loss of their right to dismiss the action voluntarily
without an order of the court.

### II. ANALYSIS

Federal Rule of Civil Procedure 41 governs the dis-
missal of an action.Rule 41(a)(1) provides for vol-
untary dismissal by the plaintiff. A plaintiff is per-
mitted to "dismiss an action without a court order

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-02976-LAK    Document 16    Filed 04/21/2008    Page 36 of 51

by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."Fed. R. Civ. Pro. 41(a)(1). Defendant argues that because it had filed its answer on the same day as plaintiff filed this notice and because it filed in accordance with this court's electronic filing system, this court should find that defendant had filed its answer and therefore voluntary dismissal without court order is improper.

**\*2** However, as plaintiff notes, Rule 5(d)(4) provides that the Clerk may not refuse to accept any filing simply because it does not comply with the Federal Rules of Civil Procedure or local rules of this court. More so, Rule 5(d)(3) states that if a court requires electronic case filing, it may only do so if "reasonable exceptions are allowed." This court accepts plaintiff's reasons for filing with the Clerk, rather than electronically, and needs not disallow the filing solely because of its form or the manner in which it was filed. Accordingly, plaintiffs served the notice before defendant filed its answer and counter-complaint, and the voluntary dismissal without prejudice is valid.

In any event, even if this court were to find that plaintiffs' violation of the electronic filing system requirements gave priority to defendant's answer, dismissal is proper by court order under Rule 41(a)(2). That rule provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed by the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. Pro. 41(a)(2). The decision whether to grant dismissal "under the authority of Rule 41(a)(2) is within the sound discretion of the district court."*Grover ex rel. Grover v. Eli Lily & Co.,* 33 F.3d 716, 718 (6th Cir.1994); *accord Rosenthal v. Bridgestone/Firestone, Inc.,* 217 F. App'x 498,

500 (6th Cir.2007); *Maldonado v. Thomas M. Cooley Law School,* 65 F. App'x 955, 956 (6th Cir.2003). In determining whether to grant dismissal, the court considers whether the defendant would suffer "plain legal prejudice" as a result of the dismissal without prejudice. *Grover,* 33 F.3d at 718. Several factors aid the court in determining whether defendant will suffer plain legal prejudice, including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant."*Id.*"[T]he mere prospect of a second lawsuit," however, does not constitute "plain legal prejudice." *Id.*

The court finds that none of these factors demonstrates that defendant will suffer "plain legal prejudice." The proceedings are in the very early stage, and discovery has yet to occur. The crux of defendant's argument is that it will suffer prejudice with the refiling of this action in state court; indeed, defendant would accept dismissal if it were with prejudice. Mere fear of facing a second suit, however, is insufficient to overcome plaintiffs' voluntary dismissal. *Id.* Nor are plaintiffs precluded from requesting voluntary dismissal so that they can later refile in state court, pleading a lesser amount of damages to defeat federal jurisdiction.[FN1]

> FN1. Defendant's reliance on the Sixth Circuit opinion in *Rogers v.. Wal-Mart Stores, Inc.,* 23 F.3d 868 (6th Cir.2000) is misplaced, as that case applies to remand, not voluntary dismissal. In any event, as this court has previously noted, *Rogers* appears to have been abrogated by the Supreme Court's decision in *Powerex Corp. v. Reliant Energy Servs.,* 127 S.Ct. 2411 (2007) ("[A] case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand."(emphasis removed)).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(Cite as: Slip Copy, 2008 WL 276486)**

**\*3** Having dismissed plaintiffs' claims, the court must determine whether it can retain defendant's counterclaim for independent adjudication. Defendant seeks a declaratory judgment that "it has the absolute right to use the road in question in the course of its timber harvesting operation under contract with the timber and surface owner of adjacent property."[Doc. 3 at 2-3]. The court finds, however, that it lacks jurisdiction over defendant's counterclaim. Although the amount in controversy in actions seeking a declaratory judgment is determined by the value of the litigation, *e.g., LoDal, Inc. v. Home Ins. Co.,* No. 95-2187, 1998 U.S.App. LEXIS 12841, at \*7 (6th Cir. June 12, 1998), this court finds that defendant has in no way demonstrated that the value of its counterclaim exceeds $75,000. Nor does 28 U.S.C. § 2201, under which defendant seeks relief, provide a basis for federal question jurisdiction, as that provision is merely a vehicle for defendant's relief, not the applicable law governing the substance of defendant's counterclaim. Accordingly, there being no means of exercising jurisdiction, defendant's counterclaim must be remanded to the state court.

## III. CONCLUSION

The court having found that plaintiff's notice of voluntary dismissal to be proper, either under Federal Rule of Civil Procedure 41(a)(1) or Rule 41(a)(2), plaintiffs' claim is hereby **DISMISSED** without prejudice. There being no jurisdiction thereover, defendant's counterclaim is **REMANDED** to the Chancery Court for Scott County, Tennessee, for further proceedings.

**IT IS SO ORDERED.**

E.D.Tenn.,2008.
Lowe v. Fountain Forestry, Inc.
Slip Copy, 2008 WL 276486 (E.D.Tenn.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**TAB 6**

Powell Const. Co., Inc. v. U.S. Crane and Rigging, Inc.

W.D.Va.,2005.

Only the Westlaw citation is currently available.

United States District Court,W.D. Virginia.

POWELL CONSTRUCTION COMPANY, INC., Plaintiff

v.

U.S. CRANE AND RIGGING, INC., Defendant.

**No. Civ.A. 705CV00528.**

Oct. 21, 2005.

Rick J. Bearfield, Bearfield & McClellan, Johnson City, TN, Thomas Alan Leggette, Leggette Law Firm PLC, Roanoke, VA, for Plaintiff.

Jimmy D. Holbrook, Lewis King Kreig Waldrop & Catron, Robert H. Green, Kennerly, Montgomery & Finley, P.C., Knoxville, TN, Nathaniel Reid Broughton, Sands Anderson Marks & Miller PC, McLean, VA, for Defendant.

*MEMORANDUM OPINION*

WILSON, J.

**\*1** This is a diversity action by plaintiff, Powell Construction Company, Inc. ("Powell"), against defendant U.S. Crane and Rigging, Inc. ("U.S.Crane"), transferred to this court by the United States District Court for the Eastern District of Tennessee. U.S. Crane maintains that Powell's voluntary dismissal pursuant to Rule 41(a)(1)(i) was filed on paper in the clerk's office rather than electronically, as provided by this court's procedures implementing electronic case filing in this district, and is therefore ineffectual and that its answer and counterclaim preclude plaintiff from voluntarily dismissing the action. The court finds that Powell's paper filing substantially complies with the requirements of the Federal Rules of Civil Procedure, as well as the standing order of the court implementing electronic case filing. Accordingly, the court rejects defendant's challenge to the dismissal.

I.

A court in the Eastern District of Tennessee transferred this civil action on August 11, 2005; however, problems arose on August 19, 2005, when the clerk was unable to open the computer disc from the Tennessee district court clerk's office. At that time, the plaintiff, Powell, sought to voluntarily dismiss under Rule 41(a), and because of technical difficulties, the clerk's office gave Powell permission to file a hard copy of the notice. Powell did so on August 22, 2005, and the defendant, U.S. Crane, objected to the voluntary dismissal, claiming that the notice was improperly filed and ineffective. U.S. Crane also alleges that the dismissal would be prejudicial and unfair because U.S. Crane had prepared an answer and counterclaim but was unable to electronically file until August 24, 2005 due to technical difficulties.

II.

U.S. Crane concedes that if Powell properly filed its Rule 41(a) notice of voluntary dismissal prior to U.S. Crane's answer that Powell has the absolute right to unilaterally dismiss the case without the court's permission. *Rule 41(a)(1)(i);seeMarex Titantic, Inc., v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir.1993)* (stating that a voluntary dismissal under 41(a)(1)(i) is "available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required") (citations omitted). It argues, however, that Powell's hard copy notice of voluntary dismissal was not properly filed because the court's procedural rules for electronic case filing in this court provide that all attorneys "shall be required to file all documents electronically, unless otherwise authorized by the presiding judge or the electronic filing procedures."The court finds that Powell properly filed its notice of voluntary dismissal and that its filing terminated the case.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2716375 (W.D.Va.)
**(Cite as: Not Reported in F.Supp.2d, 2005 WL 2716375)**

Civil Procedure Rule (5)(e) provides that a court "may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes."Pursuant to Rule 5(e)'s authorization, this court has established an electronic filing system, known as the Case Management/Electronic Case Files system (CM/ECF). By standing order, the court authorized the Clerk of the District Court to implement and publish administrative procedures for filing, signing, and verifying pleadings and papers by electronic means. Those published procedures provide that the "Clerk's Office or any judge of this court may deviate from these procedures in specific cases, without prior notice, if deemed appropriate in the exercise of discretion, considering the need for the just, speedy, and inexpensive determination of matters pending before the court."Pursuant to that authorization, the clerk's office properly filed Powell's notice of voluntary dismissal. Indeed, under the circumstances it would have been an abuse of discretion for the clerk's office to have refused the pleading, if not a clear violation of Rule 5 of the Federal Rules of Civil Procedure. Accordingly, Powell's notice of voluntary dismissal was properly filed and the action terminated.

### III.

**\*2** For the foregoing reasons it is ordered and adjudged that this action is dismissed from the court's docket without prejudice.

W.D.Va.,2005.
Powell Const. Co., Inc. v. U.S. Crane and Rigging, Inc.
Not Reported in F.Supp.2d, 2005 WL 2716375 (W.D.Va.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**TAB 7**

Not Reported in F.Supp.                                                                              Page 1
Not Reported in F.Supp., 1995 WL 702307 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1995 WL 702307)**

Rose v. Simms
S.D.N.Y.,1995.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Adam R. ROSE, Plaintiff
v.
Gene L. SIMMS, Roger Arnow & Sons, Inc., Roger
Arnow Sr. and TSO Construction, Inc, Defendants.
**No. 95 CIV. 1466 (LMM).**

Nov. 29, 1995.

MEMORANDUM AND ORDER

McKENNA, District Judge.
**\*1** Plaintiff, Adam R. Rose ("Rose"), initiated this
diversity action against Defendants Gene L. Simms
("Simms"), Roger Arnow & Sons, Inc., Roger
Arnow Sr. and TSO Construction, Inc. (collectively
"TSO") on March 1, 1995. Rose amended his Com-
plaint on June 9, 1995, charging Simms with fraud-
ulent inducement and breach of fiduciary duty and
TSO with aiding and abetting breach of fiduciary
duty. Defendants now move to dismiss the
Amended Complaint pursuant to Fed.R.Civ.P. 9(b),
12(b)(1), 12(b)(6), 12(b)(7) and 19(b). For the reas-
ons detailed below, Defendants' motions are denied.

I. Facts

The facts are as follows. In June of 1994, Defend-
ant Simms, the sole shareholder and President of
Round Hill Properties, Ltd. ("Round Hill"), a New
York construction management corporation, offered
his company's services to Plaintiff Rose.
(Amend.Compl. at ¶ 5.) Rose, a New York citizen
(*id.* at ¶ 1), was planning the construction of a cus-
tom-built residence. (*Id.* at ¶ 4.) Simms is a Con-
necticut citizen. (*Id.* at ¶ 2.)

Rose claims that Simms made a number of repres-
entations with regard to the services Round Hill

would provide once hired. According to Rose,
Simms promised that Round Hill, as a Construction
Manager, would owe Rose a fiduciary duty. (*Id.* at
¶ 6.) Thus, Rose alleges, Simms claimed that hiring
Round Hill would be superior to hiring a general
contractor, since a Construction Manager works
solely for the owner and is not beholden to particu-
lar work crews. (*Id.*) This independence would al-
low the Construction Manager to emphasize price
and quality when hiring subcontractors, avoiding
the dangers of "padding" costs, "cutting corners"
and "covering up" mistakes. (*Id.*) These representa-
tions were also contained in a written document
which Simms provided Rose during his solicitation.
(*Id.* at ¶ 7.) The document, entitled "Homebuyers'
Guide to Choosing the Right Builder," was pre-
pared by Round Hill. (Ex. A to Amend.Compl.)
Rose claims that Simms also used it to solicit other
owners seeking to build residences.
(Amend.Compl. at ¶ 8.)

Subsequently, on June 1, 1994, Rose signed an
agency agreement with Round Hill to act as Con-
struction Manager for his residence. (*Id.* at ¶ 9.)
Under the terms of the agreement, Simms was to be
the principal in charge of the project. (Ex. C to
Amend.Compl. ¶ 18.) The contract called for Rose
to pay Round Hill compensation amounting to 10%
of hard construction costs. (Amend.Compl. at ¶ 10.)
Rose claims that he entered into the agreement in
reliance upon Simms' representations that Simms
and Round Hill would act as his agent, rather than
as independent contractors. (*Id.* at ¶ 9.) The essence
of Rose's Amended Complaint is that this is not in
fact what occurred.

Rose claims that the representations made by
Simms were false and that Simms knew these rep-
resentations were false. (*Id.* at ¶ 11.) Rather than
acting as an independent agent for their clients,
Rose contends that Simms and Round Hill main-
tained a specific group of contractors to whom they
routinely awarded jobs without competitive bid-
ding, at inflated prices. (*Id.* at ¶¶ 11, 12.) Upon

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                    Page 2
Not Reported in F.Supp., 1995 WL 702307 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1995 WL 702307)**

learning this, Rose terminated his contract with Round Hill on December 31, 1994, with construction only 25% complete. (*Id.* at ¶ 10.) The plaintiff now charges Simms with fraudulent inducement.

**\*2** In addition, Rose alleges that the foregoing also constitutes breach of fiduciary duty on Simms' part. He argues that Simms breached a duty of fidelity and loyalty owed to him by knowingly awarding contracts at inflated prices. (*Id.*) He asserts that Simms failed to disclose his financial interest in TSO, one of the subcontractors to whom he awarded work (*id.* at ¶ 20), and that Simms approved of a plan whereby subcontractors overcharged for labor. (*Id.* at ¶ 19.)

Finally, Rose alleges that TSO aided and abetted this breach of fiduciary duty by knowingly acting in concert with Simms to charge in excess of reasonable value for their services and materials. (*Id.* at ¶ 23.) According to Rose, TSO did this despite knowledge of Simms' fiduciary duty. (*Id.* at ¶ 22.) Rose seeks compensatory and punitive damages on each of these counts.

The Defendants have moved to dismiss the Amended Complaint on several grounds. First, they argue that since Round Hill is a necessary and indispensable party to the suit, it must be dismissed pursuant to Fed.R.Civ.P. 12(b)(7) and 19(b) if Round Hill is not joined. Alternatively, they claim that joinder of Round Hill would destroy diversity, requiring dismissal pursuant to Fed.R.Civ.P. 12(b)(1). Next, defendants argue that the three counts should be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Finally, defendants claim that the fraudulent inducement count should be dismissed pursuant to Fed.R.Civ.P. 9(b), for failure to plead fraud with particularity. For the reasons that follow, defendants motions are denied.

## II. Discussion

### A. Rule 19 Joinder

Defendants correctly assert that joinder of Round Hill would destroy diversity jurisdiction, requiring dismissal of the suit under Fed.R.Civ.P. 12(b)(1). Both Rose and Round Hill are New York residents. (Compl. at ¶ 2, Amend.Compl. at ¶ 1). Defendants fail to convincingly demonstrate, however, that it is necessary to join Round Hill, or that Round Hill is indispensable to the suit.

Assessing Defendants' argument for joinder requires a two-step analysis under Fed.R.Civ.P. 19. *See generally Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102 (1968); *Associated Dry Goods Corp. v. Towers Fin. Corp.,* 920 F.2d 1121, 1123 (2d Cir.1990). First, the Court must determine whether the absent party should be joined as a "necessary party" under subsection (a).[FN1] Next, if the court decides that the party is necessary but cannot be joined for practical or jurisdictional reasons, it must determine under subsection (b) [FN2] whether in "equity and good conscience" the action should be dismissed because the nonparty is "indispensable." *Id.; Prescription Plan Serv. Corp. v. Franco,* 552 F.2d 493, 496-97 (2d Cir.1977).

Defendants initially premise their assertion that Round Hill is a necessary party under subsection (a) by arguing that the tort claims brought against Simms actually sound in contract. Since Round Hill, rather than Simms, signed the contract, Defendants argue that Round Hill is the real party in interest, while Simms is merely Round Hill's agent. The Defendants therefore claim that Round Hill will be impaired in its ability to protect its interests if it is not joined.

**\*3** In considering the four factors outlined in subsection (b) to determine whether Round Hill is indispensable, the Defendants emphasize the fourth factor, claiming that Rose will have an adequate remedy in state court if the action is dismissed for nonjoinder. They also argue that a ruling against Simms would constitute adverse persuasive precedent, weakening Round Hill's bargaining position. Finally, Defendants cite the public's interest in judicial economy, contending that failure to dismiss for

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                         Page 3
Not Reported in F.Supp., 1995 WL 702307 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1995 WL 702307)**

nonjoinder would spawn repetitious litigation.

The court need not consider whether dismissal under Rule 19(b) is warranted unless Rule 19(a)'s threshold standard is met. *Associated Dry Goods,* 920 F.2d at 1123. Should the moving party satisfy the criteria required by 19(a), Rule 19(b) leaves the district court with substantial discretion in considering which factors to weigh and how heavily to emphasize certain considerations. *Envirotech Corp. v. Bethlehem Steel Corp.,* 729 F.2d 70, 75 (2d Cir.1984); *Ing. Hoschek Autoverleich GES.M.B.H. v. Balag, Ltd.,* No. 93-Civ-8513, 1994 WL 701989, at *3 (S.D.N.Y. Dec. 14, 1994). The phrase "good conscience," in 19(b), contemplates that very few cases should be terminated due to the absence of non-diverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible. *Jaser v. New York Property Ins. Underwriting Ass'n,* 815 F.2d 240, 242 (2d Cir.1987). Thus, as a general rule, in determining whether a party is indispensable, the preference is for non-dismissal. *Drankwater v. Miller,* 830 F.Supp. 188, 191 (S.D.N.Y.1993). It is in this context that the Court reviews Defendants' 12(b)(7) motion.

### 1. Rule 19(a)(1)

Rule 19(a)(1) examines whether, in a party's absence, complete relief can be accorded among those already parties to the suit. Defendants fail to convincingly demonstrate, nor can the Court discern, how Round Hill's absence would interfere with the accordance of complete relief among the parties present. The Second Circuit recognizes that "[t]he term complete relief refers only 'to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought.' " *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York,* 762 F.2d 205, 209 (2d Cir.1985) (quoting 3A J. Moore, Moore's Federal Practice ¶ 19.07-1[1], at 19-96 (2d ed. 1984)); *Drankwater,* 830 F.Supp. at 192. Courts are most likely to rule that complete relief may not be accor-

ded among the parties present in circumstances where the absent party plays a significant role in the provision of some form of injunctive relief. *See, e.g., Associated Dry Goods,* 920 F.2d at 1124 (tenant ruled necessary party in suit between owner of building and subtenant, where tenant must consent before electrical amperage may be increased). In this case, the Plaintiff seeks only monetary damages. Rose's tort claims can be adjudicated without reference to Round Hill, and he may recover completely against the Defendants without Round Hill's presence in any judgment he may win. Defendants' claim falls with respect to Rule 19(a)(1).

### 2. 19(a)(2)(i)

**\*4** Rule 19(a)(2)(i) considers whether the absent party claims an interest in the suit and is so situated that the disposition of the action in the party's absence may impair or impede the party's ability to protect that interest. The Court rejects Defendants' contention that Round Hill will be impaired in protecting its interests if the suit proceeds in its absence. Defendants premise this claim upon the assertion that Rose's Amended Complaint sounds in contract rather than tort. They argue that since Round Hill was the signatory to the contract, rather than Simms or TSO, Round Hill is the actual party in interest. To the extent that adjudication of the suit will require interpretation of the contract, Simms argues that Round Hill must be present to protect its interests in the contract.

It is true that a simple breach of contract does not constitute fraud. *Drexel Burnham Lambert, Inc. v. Saxony Heights Realty Assocs.,* 777 F.Supp. 228, 235 (S.D.N.Y.1991). Even if the Court accepts Defendants' argument that the suit's basis is contractual, a contract claim may be properly converted into a tort claim if the allegedly defrauded party sets forth in the complaint "specific facts from which a reasonable trier of fact could directly or indirectly infer that the promisor intended not to honor his obligations at the time the promise was made." *Id.* Rose has done so. Count one states specific facts

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                    Page 4
Not Reported in F.Supp., 1995 WL 702307 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1995 WL 702307)**

from which one might reasonably conclude that Simms engaged in fraudulent inducement, while counts two and three, alleging breach of fiduciary duty and aiding and abetting such breach, arise from the same allegedly tortious conduct. Thus, as a preliminary matter, the Court concludes that the action sounds in tort.

Defendants make three further contentions, which the Court considers, and rejects, in turn. First, they argue that since Round Hill prepared the booklet which Simms used in his representations to Rose, Round Hill, in essence, made the representations and therefore is a necessary party. As Rose has pointed out, however, joint tortfeasors are permissive rather than mandatory parties. *Temple v. Synthes Corp., LTD.,* 498 U.S. 5, 7 (1990). Even if Round Hill engaged in tortious conduct, this does not make the parties anything more than joint tortfeasors. Under this reasoning, Round Hill is merely a permissive party and need not be joined.

Alternatively, defendants argue that Round Hill, as Simms' principal, is vicariously liable for his tortious conduct and consequently must be present to protect its interests. Although a master or principal and his servant or agent are not technically joint tortfeasors, New York courts have nonetheless treated them as such with respect to the release of parties from an action. *See Smith v. Lincoln,* 275 N.Y.S.2d 74, 75 (Sup.Ct. Trial Term Queens Cty.1966); *Wilson v. City of New York,* 131 N.Y.S.2d 47, 50 (Sup.Ct. Trial Term Kings Cty.1954). While New York courts have not specifically addressed the question of whether principals and agents are to be considered joint tortfeasors for purposes of determining joinder, a number of other courts have decided the matter in the affirmative. The New Jersey Superior Court held in a negligence case that a person injured by an agent or servant "may sue the agent or servant and principal or master in one suit, or may proceed against them in separate suits...." *McFadden v. Turner,* 159 N.J.Super. 360, 365 (App.Div.1978) (quoting *Moss v. Jones,* 93 N.J.Super. 179, 185 (App.Div.1966)) A

number of other courts have explicitly stated that Rule 19 does not require joinder of principal and agent. *See, e.g., Nottingham v. General American Communications Corp.,* 811 F.2d 873, 880 (5th Cir.), *cert. denied,* 484 U.S. 854 (1987); *Milligan v. Anderson,* 522 F.2d 1202, 1204-05 (10th Cir.1975); *Bausch v. Philatelic Leasing, LTD.,* 728 F.Supp. 1201, 1209 (D.Md.1989), *aff'd in part,* 34 F.3d 1066 (2d Cir.1994); *Willis v. Semmes, Bowen & Semmes,* 441 F.Supp. 1235, 1246 (E.D.Va.1977); *see also* 7 Charles A. Wright, et. al. Federal Practice and Procedure § 1623 (1986) ("it has been held unnecessary to join ... principals and agents"). This Court adopts the same reasoning in holding that Round Hill need not be joined as Simms' principal.

**\*5** Finally, Defendants rely upon a district court case from Delaware in support of their argument that Round Hill must be present in this action to avoid unfair prejudice in any subsequent litigation it might face in the same matter. *See Johnson & Johnson v. Coopervision, Inc.,* 720 F.Supp. 1116, 1125 (D.Del.1989). According to Defendants, a ruling against Simms and TSO would constitute adverse persuasive precedent which would weaken Round Hill's bargaining position for settlement purposes. *Id.* Some courts have adopted this line of reasoning, finding that the establishment of negative precedent can provide the requisite prejudice to the absentee. *See Pulitzer-Polster v. Pulitzer,* 784 F.2d 1305, 1310 (5th Cir.1986) (adverse ruling in suit by shareholder for breach of fiduciary duty against company's sole voting trustee would prejudice other absent shareholders in identical state court action); *Acton Co., Inc. of Mass. v. Bachman Foods, Inc.,* 668 F.2d 76, 78 (1st Cir.1982) (adverse precedent in fraud suit by one co-obligee to a contract would prejudice absent co-obligee bringing identical suit); *Balag,* 1994 WL 701989, at \*4 (adverse ruling in breach of contract suit against one rental car company would prejudice other rental car company owned by same owner with regard to the identical claim); *Spiro v. Parker Brothers,* No. 91-CIV-7759, 1992 WL 197405, at \*1 (S.D.N.Y. Aug. 4, 1992) (adverse ruling against

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 702307 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp., 1995 WL 702307)

majority owners would prejudice absent minority owners in bringing identical claim). In all of these cases, however, the absent party shared a similar, if not identical, interest with one of the litigants. Furthermore, in each case, the absent party could have subsequently faced litigation against the adverse party on the identical claim.

Courts have distinguished this line of cases where the absent party is unlikely to face issue preclusion in a subsequent suit on the same claim. In a case somewhat analogous to the matter at hand, the Third Circuit ruled that the defendant's parent company, Underhill, was not a necessary party in a breach of contract suit against its subsidiary, Shepard Niles. *Janney Montgomery Scott v. Shepard Niles,* 11 F.3d 399, 402 (3d Cir.1993). Much as Round Hill is the sole signatory to the contract in the matter before this Court, the absent parent in *Janney* was the sole signatory to the contract in that case. In rejecting Shepard Niles' claim that an adverse holding would create persuasive precedent prejudicial to Underhill such that its joinder was compulsory, the court commented:

We are not sure what the district court means by the phrase "persuasive precedent." To the extent it involves the doctrine of stare decisis, we are not inclined to hold that any potential effect the doctrine may have on the absent party's rights makes the absent party's joinder compulsory under Rule 19(a) whenever "feasible." Such a holding would greatly expand the class of "necessary" or compulsory parties Rule 19(a) creates. *Id.* at 407.

**\*6** Noting that the parent and subsidiary were separate corporate entities, the court found that the effect of a federal judgment in the case would not be direct or immediate enough upon the absent party to justify compulsory joinder. It distinguished *Acton,* since the absent party in that case was a co-obligee on a contract claim, rather than a co-obligor. The fact that the absent party in *Acton* might bring a separate, independent claim, the court explained, would subject the obligor to double liability on the same claim. In *Janney,* the absent party

was simply a co-obligor. The court elaborated that if the defendant is to successfully argue for joinder on the basis of adverse precedent, "it must be shown that some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments." *Id.* at 409. Then, even if the defendant can establish this, the court looks to the adequacy with which a party to the suit represents the absent party's interests. *Id.*

In this case, even if Rose had made a contract claim against Simms and TSO, Round Hill would be a co-obligor rather than a co-obligee. While co-obligors are treated as necessary under Rule 19(a), they are generally not indispensable under Rule 19(b). 7 Charles A. Wright, et. al., Federal Practice and Procedure § 1613 (1986). However, the claim sounds in tort, rather than contract. It does not appear that any outcome as to Rose, Simms and TSO would preclude Round Hill with respect to an issue material to its rights or duties. The company could still sue Rose for breach of contract or adequately defend itself in a separate fraud suit. One must also look to the nature of the relationship between Round Hill and Simms. As President and sole shareholder of Round Hill, Simms and Round Hill share an identity of interest. Simms ultimately bears any loss suffered by Round Hill. Thus, even if an adverse ruling against Simms were to preclude Round Hill from asserting its rights in some way, Simms more than adequately represents Round Hill's interests in the current litigation.

It has been observed that "while it may be true that a court in a later litigation may consider an earlier finding, it is plain that a prior finding would not be binding upon [a party who] was not a party to the instant action." *Drankwater,* 830 F.Supp. at 193. The court in *Drankwater* distinguished *Spiro* on the grounds that the absent party in *Spiro* would have been subject to "the exact same contentions.... The causes of action would be exactly the same as would the facts to be established." *Id.* If Round Hill

Not Reported in F.Supp.                                                                                                    Page 6
Not Reported in F.Supp., 1995 WL 702307 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1995 WL 702307)**

were to be charged with the same cause of action as Simms, the contentions and requisite facts would be different. The fraud alleged against Simms is not identical with any fraud one might allege against Round Hill. The Court is, thus, unpersuaded by Defendants' "negative precedent" argument.

**\*7** As for Defendants' claim that Round Hill runs the risk of having to indemnify Simms, this technical problem collapses given the practicalities of Simms' relationship with Round Hill. Indemnification in this case would amount to little more than Simms transferring money from one pocket to the other.

### 3. 19(a)(2)(ii)

Rule 19(a)(2)(ii) examines how failure to join the absent party would leave any of the parties already present subject to substantial risk of double, multiple or otherwise inconsistent obligations. Defendants fail to argue, nor can the Court determine, how Round Hill's absence would cause this problem. Regardless of the outcome in this suit, Rose could still bring separate claims against other parties. Similarly, Simms would only face further obligations to the extent that he might personally suffer if Round Hill ultimately loses in a separate suit on a different claim. This does not amount to a separate legal obligation for Simms as a litigant, however.

### 4. 19(b)

As the Court finds that Round Hill is not a necessary party under Rule 19(a), it need not determine whether the company is indispensable under Rule 19(b). Were Round Hill a necessary party, for many of the foregoing reasons, the Court, in its equitable discretion, would not find Round Hill to be indispensable.

### B. Rule 12(b)(6) Standard

Defendants move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss each of the three counts against them.

Rule 12(b)(6) provides that a complaint will be dismissed if there is a "failure to state a claim upon which relief can be granted." In the course of resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court reads the complaint generously, accepting the truth of, and drawing all reasonable inferences from, the well-pleaded factual allegations. *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *accord California Motor Transp. Co. v. Trucking Unlimited,* 404 U.S. 508, 515 (1972); *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993); *Allen v. Westpoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47-48 (2d Cir.1991), *cert. denied,*112 S.Ct. 1561 (1992); *Frasier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir.1991).

When determining the sufficiency of plaintiff[s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in ... [the] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied on in bringing suit. *Brass,* 987 F.2d at 150 (*citing Cortec,* 949 F.2d at 47-48).

The Court will only dismiss a Complaint for failure to state a claim when the Court finds beyond a reasonable doubt that Plaintiff "can prove no set of facts" to support the claim that Plaintiff is entitled to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

**\*8** The Court is required to draw all reasonable inferences in Plaintiff's favor, but not all possible inferences. *See Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 58 (1st Cir.1990), Only when "the suggested inference rises to what experience indicates is an acceptable level of probability," must the Court accept it as fact for pleading purposes. *Id.* at 52.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 702307 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1995 WL 702307)**

Page 7

### 1. Fraudulent Inducement

Plaintiff pleads all elements required to state a claim for fraudulent inducement of contract and, therefore, his claim should not be dismissed. To recover for common law fraudulent inducement of contract under New York law, a plaintiff must show: 1) misrepresentation of material fact; 2) falsity of that representation; 3) scienter; 4) reasonable reliance; and 5) damages. *May Dep't Stores Co. v. International Leasing Corp., Inc.,* 1 F.3d 138, 141 (2d Cir.1993); *Gindi v. Silvershein,* No. 93-CIV-8679, 1995 WL 347397, at *3 (S.D.N.Y. June 8, 1995); *Barsam v. Pure Tech Int'l, Inc.,* 864 F.Supp. 1440, 1446 (S.D.N.Y.1994). Plaintiff must also allege a breach of duty which is collateral or extraneous to the contract between the parties. *Americana Petroleum Corp. v. Northville Indus. Corp.,* 606 N.Y.S.2d 906, 908 (App.Div. 2d Dep't 1994) (the emphasis in this case is that the alleged fraud be independent of the contract). Defendants argue that plaintiff has failed to do this, transforming a simple contractual dispute into a fraud action without properly alleging the requisite misrepresentation. Claiming that Simms, at worst, failed to keep a promise, they rely upon *Delta Dallas Omega Corp. v. Wair Assocs.,* 592 N.Y.S.2d 718, 719 (App.Div. 1st Dep't 1993), for the proposition that a failure to keep promises as represented prior to the execution of a written contract does not constitute fraud.

While it is true that a "failure to perform promises of future acts is merely a breach of contract to be enforced by an action in contract," *Zinaman v. USTS New York, Inc.,* 798 F.Supp. 128, 134 (S.D.N.Y.1992) (quoting *Grant v. DCA Food Indus., Inc.,* 508 N.Y.S.2d 327, 328 (App.Div. 3d Dep't 1986)), an action for fraud will lie when a promise was actually made with a preconceived and undisclosed intention of not performing it. *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994); *McDarren v. Marvel Entertainment Group, Inc.,* No. 94-CIV-0919, 1994 WL 388994 (S.D.N.Y. July 22, 1994); *Chase Manhattan Bank, N.A. v. Perla,* 411 N.Y.S.2d 66, 68 (App.Div. 4th Dep't 1978). Furthermore, as Plaintiff has noted, the New York Court of Appeals has recently held that "[a] false statement of intention is sufficient to support an action for fraud, even where that statement relates to an agreement between the parties." *Graubard, Mollen, Dannett & Horowitz, P.C. v. Moskovitz,* 629 N.Y.S.2d 1009, 1014 (1995). While the facts of this case involved a dispute among law partners, the Court does not subscribe to Defendants' view that this necessarily limits the application of the holding to situations in which one party owes a pre-existing fiduciary duty to the other. A claim for fraudulent inducement of contract is independent of, and may run concurrently with, a claim for breach of fiduciary duty.

**\*9** The issue before the Court is whether Rose has alleged a knowing, false, material misrepresentation on Simms' part, independent of any contractual duties, upon which Rose reasonably relied and as a result of which he suffered damages. The Court determines that he has. In his Amended Complaint, Rose alleges that Simms made representations and assurances as to the superiority of hiring Round Hill as a Construction Manager (Amended Complaint at ¶ 6), that they were "false and fraudulent and known by Simms to be false at the time he gave them" (Amended Complaint at ¶ 11), that Rose relied upon them (Amended Complaint at ¶ 9), and was consequently damaged. (Amended Complaint at ¶ 13.) The representations made by Simms are alleged to have been material, and are independent of the duties delineated in Rose's contract with Round Hill. Assuming all factual allegations of the Amended Complaint to be true, and drawing all reasonable inferences in the plaintiff's favor, the Court cannot conclude that the plaintiff is unable to prove any set of facts which would entitle him to relief. The motion for dismissal for failure to state a claim in fraudulent inducement is denied.

### 2. Breach of Fiduciary Duty

In order to maintain a cause of action for breach of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

fiduciary duty, plaintiff must "allege at least some of the factors from which the Court could conclude that such a fiduciary relationship has been established." *Benenson v. Fleischman,* No. 94-CIV-5009, 1995 WL 303618, at *4 (S.D.N.Y. May 18, 1995) (quoting *Eickhorst v. E.F. Hutton Group, Inc.,* 763 F.Supp. 1196, 1203 (S.D.N.Y.1990)). The elements that must be proved are, first, that such a fiduciary relationship exists, and second, that it has been broken. *Cramer v. Devon Group, Inc.,* 774 F.Supp. 176, 184 (S.D.N.Y.1991). In defining the existence of a fiduciary relationship under New York law, the general rule is that:

Broadly stated, a fiduciary relationship is one founded upon trust or confidence reposed by one person in the integrity and fidelity of another. It is said that the relationship exists in all cases in which influence has been acquired and betrayed. The rule embraces both technical fiduciary relations and those informal relations which exist whenever one man trusts in, and relies upon, another. *Schmidt v. Bishop,* 779 F.Supp. 321, 325 (S.D.N.Y.1991) (quoting *Penato v. George,* 383 N.Y.S.2d 900, 902 (App.Div. 2d Dep't 1976), *appeal dismissed,*397 N.Y.S.2d 1004 (1977).

While not every confidential relationship or joint venture involves a fiduciary relationship, the term generally implies the existence of a professional or commercial relationship, although it may also comprehend "informal relations." *Schmidt,* 779 F.Supp. at 325.

Defendants claim that Rose has not alleged any facts indicating that Simms' owed him a fiduciary duty independent of his contractual duties. Under New York law, however, tort liability for breach of fiduciary duty may be predicated upon the precise conduct which also constitutes a breach of contractual obligations. *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.,* 767 F.Supp. 1220, 1231 (S.D.N.Y.1991), *rev'd on other grounds,*967 F.2d 742 (2d Cir.1992); *see also Meyers v. Waverly Fabrics,* 489 N.Y.S.2d 891, 894 n. 2 (1985); *Apple Re-*

*cords, Inc. v. Capitol Records, Inc.,* 529 N.Y.S.2d 279, 281-82 (App.Div. 1st Dep't 1988). The existence of a fiduciary duty is not coterminous with contractual obligations, but rather, depends upon an analysis which focuses upon whether one person has reposed trust in another who thereby gains a resulting superiority over the first, or whether a duty has been imposed as a matter of social policy. *Litton,* 767 F.Supp. at 1231.

**\*10** Rose alleges that Simms represented that Simms and Round Hill, as Rose's agent, would owe him a fiduciary duty as his Construction Manager. (Amend.Compl. at ¶¶ 6, 9, 16.) Rose further states that Simms breached this fiduciary duty by awarding contracts without competitive bidding and at inflated prices, and by failing to disclose a financial interest in one of the companies awarded a contract. (Amend.Compl. at ¶¶ 17-19.) Defendants contend that any fiduciary obligation which may have arisen pursuant to this agency relationship was imposed upon Round Hill rather than Simms. This Court cannot resolve a dispute as to the merits of whether Simms himself actually owed Rose a fiduciary duty on a motion to dismiss. *See Deleu v. Scaife,* 775 F.Supp. 712, 715 (S.D.N.Y.1991). It must presume Plaintiff's factual allegations to be true. After doing so, the Court concludes that plaintiff could conceivably prove a set of facts which would entitle him to relief. The motion to dismiss for failure to state a claim for breach of fiduciary duty is denied.

### 3. Aiding and Abetting Breach of Fiduciary Duty

Anyone who knowingly participates with a fiduciary in a breach of trust is liable for the full amount of the damage caused thereby. *S & K Sales Co. v. Nike, Inc.,* 816 F.2d 843, 848 (2d Cir.1987); *Wechsler v. Bowman,* 285 N.Y. 284, 291 (1941); *Shearson Lehman Bros., Inc. v. Bagley,* 614 N.Y.S.2d 5, 6 (App.Div. 1st Dep't 1994). Defendants contend that this claim should be dismissed because Plaintiff has not established that either Simms or Round Hill was a fiduciary of Rose.[FN3] In assessing a 12(b)(6) motion, the Court need not

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:08-cv-02976-LAK    Document 16    Filed 04/21/2008    Page 50 of 51

find that Plaintiff has established a fact. Rather, it reads the complaint generously, dismissing the claim only when it believes that Plaintiff could prove no set of facts supporting the claim. As this Court has determined that Plaintiff's breach of fiduciary duty claim must stand, it therefore concludes that Plaintiff has alleged sufficient facts to conclude that Simms or Round Hill owed Rose a fiduciary duty. Plaintiff further alleges that TSO knew Simms and Round Hill had a fiduciary duty to the Plaintiff (Amend.Compl. at ¶ 22), and aided and abetted in the breach of this duty by acting in concert with Simms to inflate prices for services and materials. (Amend.Compl. at ¶ 23). The motion for dismissal of the claim for aiding and abetting breach of fiduciary duty denied.

### C. Rule 9(b)

Fed.R.Civ.P. 9(b) states:

(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

The purpose of Rule 9(b) is threefold: it is designed to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect the defendant from the institution of a strike suit. *O'Brien v. National Property Analysts Partners,* 936 F.2d 674, 676 (2d Cir.1991). In reviewing a decision to dismiss on 9(b) grounds, the truth of plaintiff's allegations is assumed. *DiVittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir.1987). The pleadings must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements. *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989);

*see also McLaughlin v. Anderson,* 962 F.2d 187, 191 (2d Cir.1992); *June Ox v. Union Central Life Ins. Co.,* No. 94-CIV-4754, 1995 WL 296541, at *3 (S.D.N.Y. May 15, 1995). Finally, the complaint must assert that the defendant had an intent to defraud, or allege circumstances from which an inference of such intent may be drawn. *Id.; see Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46, 50 (2d Cir.1987), *cert. denied,* 484 U.S. 1005 (1988), *overruled en banc on other grounds, United States v. Indelicato,* 865 F.2d 1370 (2d Cir.1989).

**\*11** The Court finds that the Amended Complaint adequately specifies the statements believed to be false or misleading, citing specific passages from the Homebuyers' Guide to Selecting the Right Builder. (Amend.Compl. at ¶ 6). It gives particulars as to the respect in which it is contended that the statements are fraudulent, namely that Simms and Round Hill maintained a specific group of contractors to whom contracts were awarded without competitive bidding at inflated prices. (Amend.Compl. at ¶ 11). The Amended Complaint also specifies that Simms made these representations to Rose in or about June of 1994, in the form of the written document delivered to Rose. (Amend.Compl. at ¶¶ 5-7).

Defendants argue that Rose fails to allege factual circumstances which might give rise to a strong inference that Simms had the requisite fraudulent intent. In particular, they argue that since Plaintiff alleges that Simms' knowledge that the representations were false is based upon Round Hill's past business practices, Rose must allege relevant facts as to Round Hill's prior business practices. While Rule 9(b) itself relaxes the scienter requirement in pleading, Plaintiff must still plead a factual basis sufficient to raise a "strong inference" of knowledge. *O'Brien,* 936 F.2d at 676. In this case, Rose has pleaded facts stating that Simms subsequently contracted the work to his own contractors at inflated prices. Considering that Simms' is the President and sole shareholder of Round Hill, the Court concludes that, even absent pleaded facts as to

Not Reported in F.Supp.
Case 1:08-cv-02976-LAK    Document 16    Filed 04/21/2008    Page 51 of 51    Page 10
Not Reported in F.Supp., 1995 WL 702307 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1995 WL 702307)**

Round Hill's past business practices, the Amended Complaint sufficiently raises a strong inference that Simms knew his representations were false at the time he made them. Simms has fair notice to defend himself against the Plaintiff's claim. A finding to the contrary would place an unacceptable burden of pre-complaint discovery upon Plaintiffs which the Federal Rules clearly do not intend. Defendants' motion to dismiss the First Claim for failure to plead fraud with the specificity required by Rule 9(b) is denied.

### III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint under Fed.R.Civ.P. 9(b), 12(b)(1), 12(b)(6), 12(b)(7) and 19(b) is denied.

SO ORDERED

FN1. Fed.R.Civ.P. 19(a) provides, in relevant part, that:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FN2. Fed.R.Civ.P. 19(b) provides:

If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

FN3. Defendants apparently withdraw somewhat from this assertion in their Reply papers, acknowledging that any fiduciary duty which might have arisen was imposed upon Round Hill. (Defs.Reply Br. at p. 8.) For purposes of this claim, it is irrelevant which of the parties may have been Rose's fiduciary.

S.D.N.Y.,1995.
Rose v. Simms
Not Reported in F.Supp., 1995 WL 702307 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.