```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CAPSTAR RADIO OPERATING COMPANY,

                Plaintiff,

        -against-                                   08 Civ. 2976 (LAK)

ANTHONY CAMPBELL, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge*.

        Plaintiff commenced this action on March 21, 2008. It seeks, among other things, preliminary and permanent injunctions with respect to alleged breaches of covenants not to compete. On the same day, it presented an order to show cause with temporary restraining order ("TRO") to the Part I judge, who deferred the matter to the undersigned.

        After hearing the parties on March 24, I denied the TRO, granted expedited discovery, and set the preliminary injunction motion down for a hearing on April 23, 2008. I solicited also the parties' views as to whether the trial on the merits should be consolidated with the preliminary injunction hearing pursuant to Rule 65(a)(2).

        On April 21, 2008, counsel for plaintiff advised the Court that "discovery in this action ha[d] been stayed pending the parties' settlement discussions"[1] and that the parties had been unable to settle. She asked also that the April 23 hearing be cancelled or adjourned pending resolution of another question.[2] The Court conferred by telephone with both sides on April 22 at which time the parties agreed that they did not wish to go forward with the hearing on the following day, so the hearing was adjourned *sine die*. During the conference, however, defendants' counsel

---

[1] This of course was not strictly accurate. There was no stay. The parties simply did not do any discovery.

[2] There is a dispute as to whether plaintiff effectively discontinued the action without prejudice after the adverse result on the TRO application.

agreed to Rule 65(a)(2) consolidation. When asked plaintiff's position, plaintiff's counsel admitted that she had not discussed the question with her client. The Court directed that she discuss it and advise the Court of its position by the following day. No such advice has been forthcoming.

On April 23, plaintiff's counsel advised the Court by letter that plaintiff preferred to proceed first with another litigation in Chicago between the corporate parties or their affiliates and offered to agree to a thirty-day stay of this action. Defendants oppose that application and ask that the matter be set down for expedited discovery and trial.

It is perfectly plain that the plaintiff, having been rebuffed on the TRO application, is seeking a forum more to its liking and that both parties are jockeying for position. It is clear also that there hangs in the balance in this Court the question whether the individual defendants may continue in their present employment, assuming that their employer remains willing to have them, while this matter remains unresolved. I see no reason why they should be subjected to the risk and uncertainty inherent in such a situation. Accordingly, this action will proceed on an expedited basis. Moreover, since plaintiff has had since March 24, 2008 to respond to my inquiry about Rule 65(a)(2) consolidation without responding, even after a direction on April 22 that it do so by the following day, any objection it otherwise might have had has been waived.

Accordingly, the case is set for a preliminary injunction hearing on June 2, 2008. The trial on the merits is consolidated with the preliminary injunction hearing. All document production shall be completed by May 9, 2008. Depositions shall be completed by May 23, 2008. Premarked exhibits and witness lists shall be exchanged no later than May 27, 2008. The provisions of paragraph 3 of the proposed stipulation and order regarding scheduling and confidentiality that was included in Exhibit B to Mr. Feigelson's letter dated March 26, 2008 is incorporated herein by reference and shall govern in this action absent contrary order of the Court. All of the foregoing, of course, is subject to whatever determination ultimately may be made with respect to the question whether plaintiff effectively discontinued this action without prejudice, the briefing and argument of which has not yet been completed.

SO ORDERED.

Dated:   April 25, 2008

_____
Lewis A. Kaplan
United States District Judge