UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| Capstar Radio Operating Company, a Delaware Corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 08 CV 2976 (LAK) |
| | : | |
| Anthony Campbell; Louis Carpino; Adam Gross; Jose Luis Torres; Citadel Broadcasting Corporation, a Nevada Corporation; and John Does 1-10, | : | Filed Electronically |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM IN SUPPORT OF CROSS-MOTION TO DISMISS
DEFENDANT CITADEL FOR LACK OF SUBJECT MATTER JURISDICTION**

**- and -**

**IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER
GRANTING RULE 41 DISMISSAL**

DEBEVOISE & PLIMPTON LLP
Jeremy Feigelson (JF-4963)
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendants*

22724923

## TABLE OF CONTENTS

Page

Preliminary Statement ...................................................................................................... 1

Statement of Facts ............................................................................................................ 2

Argument ......................................................................................................................... 5

I.   The Court Should Dismiss Citadel For Lack Of Subject Matter
     Jurisdiction ............................................................................................................ 5

II.  Dismissal Under Rule 41(a) Is Not Available To Clear Channel ........................... 7

     A.   Clear Channel Cannot Dismiss As Of Right Under Rule 41(a)(1) ............... 7

          1.   The Requirements Of The Rule Have Not Been Satisfied ............... 7

          2.   Clear Channel Cannot Rely On Rule 41(a)(1) Given The
               Prior Proceedings In This Case ........................................................ 11

     B.   Discretionary Dismissal Under Rule 41(a)(2) Is Not Appropriate ............ 12

Conclusion ..................................................................................................................... 14

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Arias v. Biro Mfg. Co.*, 92 Civ. 6661 (LAK), 1995 WL 66431 (S.D.N.Y. Feb. 15, 1995) ..................................................................................................................... 7

*Barr Bros. & Co., Inc. v. Senft*, No. 82 Civ. 5007 (CHT), 1982 WL 1342 (S.D.N.Y. Oct. 27, 1982) ........................................................................................ 9

*Bressler v. Liebman*, No. 96 Civ. 9310 (LAP), 1998 WL 167334 (S.D.N.Y. Apr. 8, 1998) .......................................................................................................................... 9

*Citadel Mgmt. Inc. v. Telesis Trust Inc.*, 00 Civ. 2342 (RWS), 2001 WL 30448 (S.D.N.Y. Jan. 11, 2001) ........................................................................................ 8

*Cooper v. Parsky*, 140 F.3d 433 (2d Cir. 1998) ........................................................... 6

*D'Alto v. Dahon California, Inc.*, 100 F.3d 281 (2d Cir. 1996) ................................. 13

*Grass v. Citibank, N.A.*, 90 F.R.D. 79 (S.D.N.Y. 1981) ........................................... 12

*Harvey Aluminum v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953) ........... 11, 12

*Lowe v. Fountain Forestry, Inc.*, No. 3:08-CV-08, 2008 WL 276486 (E.D. Tenn. Jan. 30, 2008) ........................................................................................................ 9

*Medina v. New York State Dep't of Corr. Servs.*, No. 03 Civ. 9249 (RWS), 2004 WL 2397193 (S.D.N.Y. Oct. 26, 2004) .................................................................. 9

*Moore-McCormack Lines, Inc. v. Ingalls Shipbuilding Corp.*, 194 F. Supp. 412 (S.D.N.Y. 1961) ....................................................................................................... 5

*Pepsico, Inc. v. Wendy's Int'l, Inc.*, 118 F.R.D. 38 (S.D.N.Y. 1987) ......................... 5

*Powell Constr. Co. v. U.S. Crane and Rigging, Inc.*, No. Civ. A. 705CV00528, 2005 WL 2716375 (W.D. Va. Oct. 21, 2005) ........................................................ 9

*Seippel v. Jenkens & Gilchrist, P.C.*, No. 03 Civ. 6942 (SAS), 2004 WL 2809205 (S.D.N.Y. Dec. 7, 2004) ......................................................................................... 9

*Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043 (2d Cir. 1991) .............................. 8

*United States v. Paccione*, 964 F.2d 1269 (2d Cir. 1992) .................................................. 6

*Universal Reins. Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82 (2d Cir. 2002) ................................................................................................................................... 6

*Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990) ................................................ 12-13

**FEDERAL RULES**

Fed. R. Civ. P. 5 ............................................................................................................. 8, 10

Fed. R. Civ. P. 7 .................................................................................................................. 10

Fed. R. Civ. P. 12 .................................................................................................................. 1

Fed. R. Civ. P. 21 ............................................................................................................... 1, 6

Fed. R. Civ. P. 41 .......................................................................................................... *passim*

Fed. R. Civ. P. 65 ........................................................................................................... 1, 2, 6

Defendant Citadel Broadcasting Corporation ("Citadel") moves to be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(1) and 21, because it is a non-diverse party and this Court has no jurisdiction over it. Defendants Anthony Campbell, Louis Carpino, Adam Gross and Jose Luis Torres (the "Individual Defendants" and, together with Citadel, "Defendants") support Citadel's motion. All Defendants also oppose the motion by plaintiff Capstar Radio Operating Company, a subsidiary of Clear Channel Communications ("Clear Channel"), for an order of dismissal under Fed. R. Civ. P. 41(a).

## Preliminary Statement

The Individual Defendants deserve a quick resolution of Clear Channel's challenge to their freedom to work in radio ad sales. The fair and appropriate path to such a resolution is to (a) dismiss Citadel, a non-diverse party that is not needed to effectively provide relief in the case; (b) reject Clear Channel's improper effort to obtain a dismissal under Rule 41; and (c) proceed to an expedited hearing, as Clear Channel originally requested and agreed to and as the Court has ordered.

The jurisdictional issue is straightforward: This is a diversity case. Alone among the defendants, Citadel is not a diverse party because it and Clear Channel are both incorporated in Delaware. The Court's authority to resolve this situation by dismissing Citadel is well-settled. That authority would be appropriately exercised in this case because a just resolution is clearly achievable without Citadel as a party defendant. In the unlikely event that Clear Channel were to prevail on the merits, then an injunction against the Individual Defendants – potentially extending to Citadel as well under Fed. R. Civ. P.

22724923

65(d)(2), if warranted by the facts – would address any legitimate concerns that Clear Channel might have about its alleged trade secrets or confidential information.

Clear Channel's request for judicial assistance to accomplish a Rule 41 dismissal comes too late by any measure. The requirements for a voluntary dismissal as of right under Rule 41(a)(1) have not been met because the plain language of the rule requires filing of a notice of dismissal *prior to* service of an answer. In this case, the attempted filing was properly rejected by the clerk and not accepted until Clear Channel's belated second try *after* service of the answer. Even had Clear Channel's first attempt at filing been valid, it would have been ineffective under Second Circuit law given the substantial prior proceedings in this case. By the time of the failed filing, this Court had already denied a TRO, following a hearing on a substantial evidentiary record, and Clear Channel had agreed that the denial of the TRO would be followed by expedited proceedings in this forum.

Engaged as it is in forum-shopping, Clear Channel is poorly positioned to ask the Court to assist in that effort – whether the requested assistance takes the form of overruling the Clerk's rejection of the improperly filed Rule 41(a)(1) notice, or authorizing a discretionary dismissal under Rule 41(a)(2). This case should move forward, without Citadel, under the current scheduling order.

## Statement of Facts

1. <u>The March 24 hearing.</u> On March 24, 2008, the parties appeared before this Court for a TRO hearing. Each side submitted numerous declarations and exhibits.

Clear Channel asserted that it could and would cure the apparent jurisdictional defect as to Citadel by adding a federal claim against Citadel under the Computer Fraud and Abuse Act. *See* Declaration of Jeremy Feigelson (May 5, 2008) ("Feigelson 5/5 Decl.") Ex. 1, Mar. 24 Tr. at 3-4. After thorough questioning of both sides' counsel, the Court rejected plaintiff's motion for a TRO. The Court and the parties then discussed a schedule for expedited discovery and a preliminary injunction hearing on April 23, which the Court suggested could also serve as trial on the merits. *Id.* at 35-38. The Court endorsed plaintiff's Order to Show Cause, striking virtually all of plaintiff's proposed language while providing for expedited discovery and memorializing the April 23 hearing date. Feigelson 5/5 Decl. Ex. 2.

    2.    <u>Events of March 25.</u>  On March 25, the day after the hearing:

- Clear Channel served document requests on Defendants, as called for by the discovery schedule discussed in open court the day before. *Id*. Ex. 3.

- Clear Channel asked Defendants if they would "consent" to "removal" of the case. Defendants responded that the parties had committed the day before to a schedule for proceeding in federal court, and were bound by that commitment. *Id*. ¶ 4.

- Plaintiff then attempted to execute a voluntary dismissal by submitting a Notice of Voluntary Withdrawal through the Court's electronic filing system (ECF). Declaration of L. Lynnette Sarno, Esq. (Apr. 21, 2008) ("Sarno 4/21 Decl.") ¶¶ 11-12 & Exs. B-C. The clerk rejected plaintiff's March 25 ECF notice of dismissal due to a "filing error." Feigelson 5/5 Decl. Ex. 4 (docket report). As the docket report indicates, such documents are not properly submitted via ECF but rather via email to the Orders and Judgments Clerk.

- A few hours after Clear Channel's unsuccessful attempt at ECF filing, the Individual Defendants served their answer via U.S. Mail. Sarno 4/21 Decl. ¶ 18 & Ex. E. The answer was filed via ECF the next day, March 26. Feigelson 5/5 Decl. Exs. 4-5.

3

3. <u>Subsequent Developments.</u> On March 26, the day *after* the Individual Defendants served their answer, Clear Channel again attempted to file its Rule 41(a)(1) notice of dismissal – this time by the correct method. Sarno 4/21 Decl. ¶ 16. On March 28, 2008, the Court held a phone conference to discuss, among other issues, plaintiff's attempt to dismiss the case. *Id*. Ex. 6.

On April 11, Clear Channel wrote to the Court that "settlement discussions between the parties are continuing. We will inform Your Honor of when the parties have reached an agreement or an impasse." *Id*. Ex. 7. At that time, there were no active settlement discussions. Instead, Clear Channel had been steadily expanding its litigation efforts in similar disputes in Chicago. In a pre-existing federal case where Clear Channel had obtained an *ex parte* TRO, Citadel pressed the case forward to an evidentiary hearing on April 8 and 9. On March 28, Clear Channel also filed a separate action in Illinois state court involving a different former employee. *Id*. ¶¶ 9-11 & Exs. 8-9.[1]

On April 21, Clear Channel filed the instant motion. The Court conducted a telephone conference on April 22. The parties and the Court discussed the possibility of staying both the New York and Illinois proceedings to facilitate settlement discussions, and also (for a second time) discussed the possibility of consolidating any evidentiary hearing in this matter with trial on the merits. *Id*. Ex. 10, Apr. 22 Tr. at 5-6. Clear Channel was directed to state by letter the next day its position on how to go forward. *Id*.

---

[1] Based on the record developed in that hearing, Judge Zagel later declined to continue the TRO. Feigelson 5/5 Decl. Ex. 8. Clear Channel has not sought preliminary relief in the state court case in Illinois. *Id*. ¶ 11.

at 6.  On April 23, Clear Channel advised the Court that it was only willing to stay the New York case.  It did not state a position regarding consolidation.  Feigelson 5/5 Decl. Ex. 11.  On April 25, the Court issued a scheduling order providing deadlines for expert discovery and setting a June 2 hearing that will also function as trial on the merits.  *Id*. Ex. 13.

**Argument**

**I.     The Court Should Dismiss Citadel For Lack Of Subject Matter Jurisdiction**

Jurisdiction over Citadel is lacking.  Diversity is the only basis pled for federal jurisdiction (Complaint ¶ 19) but Citadel is a non-diverse party.  Clear Channel has not said anything since the March 24 hearing about the possibility of adding a federal claim against Citadel.

The presence of Delaware corporations on both sides of the caption destroys complete diversity and with it federal jurisdiction.  *See Pepsico, Inc. v. Wendy's Int'l, Inc.*, 118 F.R.D. 38, 40 (S.D.N.Y. 1987) (Leval, J.); *Moore-McCormack Lines, Inc. v. Ingalls Shipbuilding Corp.*, 194 F. Supp. 412, 412 (S.D.N.Y. 1961).  Plaintiff Capstar is a Delaware corporation with its principal place of business in Texas.  Complaint ¶ 5.  Citadel was misidentified in the complaint as a Nevada corporation, but like Capstar it is actually incorporated in Delaware.  Feigelson 5/5 Decl. Ex. 14.  The Individual Defendants are citizens of New York.  *Id*. Ex. 5, Answer of Individual Defendants, ¶¶ 8, 10, 12, 14.  Clear Channel admits that there is no federal jurisdiction over Citadel or over

New York Radio Assets LLC, the Citadel subsidiary that actually employs the Individual Defendants. Pl. Mem. at 3.

The Court should exercise its clear authority to dismiss Citadel, the only non-diverse defendant, to preserve diversity jurisdiction over the rest of the case. *See, e.g.*, *Cooper v. Parsky*, 140 F.3d 433, 442 (2d Cir. 1998) ("Since we see no resulting prejudice to any party, we deem Southwest eliminated as a party defendant."); Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party.").

To find prejudice here the Court would have to conclude that without Citadel a "just resolution [is] impossible," *Universal Reins. Co. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002) (citation omitted), but that is clearly not the case. Assuming for the moment that Clear Channel prevails – and all indications are that it will not – an order enjoining the Individual Defendants would satisfy any legitimate objectives that Clear Channel might have in this litigation. The Individual Defendants would be precluded from working for Citadel or sharing Clear Channel's trade secrets or confidential information with it. Depending on the facts proven at trial, such an injunction could even expressly extend to Citadel as a person in "active concert or participation" with the Individual Defendants. *See* Fed. R. Civ. P. 65(d)(2)(C); *United States v. Paccione*, 964 F.2d 1269, 1274-75 (2d Cir. 1992) (citation omitted) ("A court may bind non-parties to the terms of an injunction or restraining order to preserve its ability to render a judgment in a case over which it has jurisdiction."). Accordingly,

Clear Channel's unsupported assertion that without a corporate defendant it cannot "obtain complete injunctive relief" (Pl. Mem. at 9) is simply incorrect.

Dismissing Citadel due to the lack of diversity is particularly appropriate because it would allow the case to move forward promptly for the Individual Defendants. *See Arias v. Biro Mfg. Co.*, 92 Civ. 6661 (LAK), 1995 WL 66431 (S.D.N.Y. Feb. 15, 1995) (Kaplan, J.). In *Arias*, this Court found there would be no prejudice from dismissing a nondiverse defendant and did so to ensure diversity jurisdiction. *Id*. at *2 (noting that "[a] remand to the State court doubtless would lead to substantial delay that otherwise would not occur," that "plaintiff puts forward no authority or significant argument supporting th[e] position [that the defendant is an indispensable party] and, indeed, ignores controlling authority to the contrary" and that "dismissal of [the nondiverse party] would not prejudice the plaintiff in any important sense"). We respectfully submit that the same approach is called for here.

## II.     Dismissal Under Rule 41(a) Is Not Available To Clear Channel

### A.     Clear Channel Cannot Dismiss As Of Right Under Rule 41(a)(1)

#### 1.     The Requirements Of The Rule Have Not Been Satisfied

Because the Individual Defendants served their answer before Clear Channel effectively filed its notice, Clear Channel has not met the literal requirements of Rule 41(a)(1) and cannot voluntarily dismiss this case. *See* Fed. R. Civ. P. 41(a)(1) (a plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party *serves* either an answer or a motion for summary judgment") (emphasis added). Clear Channel's notice undisputedly was not properly filed and accepted by the

7

clerk's office until March 26, the day after the Individual Defendants served their answer by mail. *See* Feigelson 5/5 Decl. Ex. 4 (docket sheet noting rejection of attempted filing on March 25 and re-filing on March 26); Sarno 4/21 Decl. Ex. E (proof of mailing of answer on March 25); *Citadel Mgmt. Inc. v. Telesis Trust Inc.*, 00 Civ. 2342 (RWS), 2001 WL 30448, at *1 (S.D.N.Y. Jan. 11, 2001) (under Fed. R. Civ. P. 5(b), service of an answer is complete upon mailing). The service of the answer prior to the filing of the notice takes this case outside the plain language of the rule and invalidates Clear Channel's gambit. *See* Fed. R. Civ. P. 41(a)(1).[2]

To be clear: Clear Channel is asking the Court to affirmatively assist it by stepping in to overrule the clerk's proper rejection of the original attempt at filing a Rule 41(a)(1) notice. Clear Channel's own authority holds that a decision to overrule the clerk is within the discretion of the district judge and should be made based on considerations of fairness. *See Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1048-49 (2d Cir. 1991) ("[T]he district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked" and its "determination of fairness" may include "a consideration of the facts of the case."). Clear Channel has not earned this kind of solicitude from the Court.

None of Clear Channel's cited cases (Pl. Mem. at 4-8) are relevant, because none involved the service of answers or summary judgment motions before the notice of

---

[2]   Clear Channel refers a number of times to the "filing" of the Individual Defendants' answer (Pl. Mem. at 3, 6), but the timing of the *filing* is irrelevant. Under the express language of Rule 41(a)(1), it is the "service" of the answer – here, by mailing on March 25 – that matters.

8

dismissal was properly filed. *See Seippel v. Jenkens & Gilchrist, P.C.*, No. 03 Civ. 6942 (SAS), 2004 WL 2809205, at *1 (S.D.N.Y. Dec. 7, 2004) (defendant served a motion to dismiss before notice of dismissal was filed); *Medina v. New York State Dep't of Corr. Servs.*, No. 03 Civ. 9249 (RWS), 2004 WL 2397193, at * 4 (S.D.N.Y. Oct. 26, 2004) (defendants served opposition papers to a contempt motion before plaintiff's notice was filed); *Bressler v. Liebman*, No. 96 Civ. 9310 (LAP), 1998 WL 167334 (S.D.N.Y. Apr. 8, 1998) (no mention that an answer was served before plaintiff filed notice of dismissal); *Barr Bros. & Co., Inc. v. Senft*, No. 82 Civ. 5007 (CHT), 1982 WL 1342, at *1 (S.D.N.Y. Oct. 27, 1982) (notice of dismissal filed before defendants' motion to dismiss). Here, an answer was validly served the day before the notice of dismissal was properly filed, thus prohibiting Clear Channel from dismissing pursuant to Rule 41(a)(1) under the plain language of the rule.

Clear Channel's reliance on *Lowe v. Fountain Forestry, Inc.*, No. 3:08-CV-08, 2008 WL 276486 (E.D. Tenn. Jan. 30, 2008), and *Powell Constr. Co. v. U.S. Crane and Rigging, Inc.*, No. Civ. A. 705CV00528, 2005 WL 2716375 (W.D. Va. Oct. 21, 2005), also is misplaced. In each of those cases, the plaintiff successfully filed a notice of voluntary discontinuance via hard copy with the clerk of the court before answers were served. *See Lowe*, 2008 WL 276486, at *1; *Powell Constr. Co.*, 2005 WL 2716375, at *1. Defendants challenged the validity of the dismissals because the local rules required an ECF filing, an argument the courts found unpersuasive. *See Lowe*, 2008 WL 276486, at *2; *Powell Constr. Co.*, 2005 WL 2716375, at *1. Unlike in this case, in *Lowe* and *Powell* the notice of dismissal was accepted on the docket prior to service of an answer.

9

Just as the district court did not step in to overrule the clerk in either of these cases, it should not do so here.

Federal Rule of Civil Procedure 5(d)(4) lends Clear Channel no support. That rule says that the clerk cannot reject a document "solely" due to its "form." It might apply if, for example, a pro se litigant filed papers that were missing a standard caption. *See* Fed. R. Civ. P. 7(b)(2) ("The rules governing captions **and other matters of form** in pleadings apply to motions and other papers.") (emphasis added). Clear Channel's notice was rejected because of the improper method of filing, not because of the form of the document. Rule 5(d)(4) thus does not, as Clear Channel contends (Pl. Mem. at 5), require the Court to overrule the clerk and deem the March 25 attempted filing to be valid.

Clear Channel is seeking to invoke a technical rule for questionable purposes – *i.e.*, taking this case to a different and slower forum following denial of a TRO, while trying to generate settlement leverage by pressing what it perceives to be its better position in the Chicago litigation. Especially in these circumstances, it is reasonable to require strict technical compliance with filing procedures before an attempted Rule 41 dismissal can be deemed effective. Clear Channel cannot and does not claim that it achieved such compliance. Its motion accordingly should be denied.

22724923

### 2. Clear Channel Cannot Rely On Rule 41(a)(1) Given The Prior Proceedings In This Case

This case presents an extraordinary situation – unique, so far as our research indicates. Clear Channel:

- opted to sue in federal court;

- sought a TRO before the Part I judge and then in this Court;

- asserted in open court that the jurisdictional defect as to the corporate defendant was curable, and would be cured, through the addition of a federal claim;

- was denied temporary relief, after substantial evidentiary submissions by both sides and a thorough oral argument and colloquy with the Court;

- agreed on the record that the denial of the TRO would be followed by expedited proceedings in the same federal court; and

- only after this Court expressed its preliminary views in the course of denying a TRO, attempted to reverse course and proceed in state court.

In light of this history, Rule 41(a)(1) would not be available to Clear Channel even if the filing of its notice were deemed to predate the service of the Individual Defendants' answer. *See Harvey Aluminum v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953). In *Harvey Aluminum*, the Second Circuit rejected plaintiffs' effort at voluntary dismissal even though no answer or summary judgment motion had been served. As in this case, the district court proceedings that predated the Rule 41(a)(1) notice included an unsuccessful effort to win preliminary relief. Just as in this case, the "merits of the controversy were squarely raised and the district court in part based its denial of the injunction on its conclusion that the plaintiffs' chance of success on the merits was small." 203 F.2d at 107-08.

11

This case thus fits squarely within the narrow exception that *Harvey* creates to the ordinarily mechanical application of Rule 41(a)(1).  The parties have already expended considerable time and resources attending to this case in federal court.  The case has not been pending long, but given its modest scale it is already well along toward completion.  The March 24 hearing included extensive discussion of the specific facts of the case.  The Court rejected plaintiff's motion for a temporary restraining order, after a hearing and based explicitly on a skeptical view of the merits of plaintiff's claims.  Feigelson 5/5 Decl. Ex. 1, Mar. 24 Tr. at 36-38.  Going one step beyond even the facts in *Harvey*, here the plaintiff agreed to subsequent expedited proceedings before the Court that denied the TRO.

This history brings into play the "essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached," *Harvey Aluminum*, 203 F.2d at 108, and supports rejection of the attempted voluntary dismissal.  Subsequent cases make clear that *Harvey Aluminum* remains good if narrow law today.  *See Grass v. Citibank, N.A.*, 90 F.R.D. 79, 80 (S.D.N.Y. 1981) (vacating plaintiff's notice of dismissal).  This is an appropriate case for its application.

### B.    Discretionary Dismissal Under Rule 41(a)(2) Is Not Appropriate

Clear Channel's conduct provides no support for a discretionary dismissal under Rule 41(a)(2).  *See Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990) (district court should consider "[1] plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed,

12

including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss").

Clear Channel's application fails each prong of the *Zagano* test:

1. Clear Channel has been less than diligent – waiting nearly a month after the attempted dismissal under Rule 41(a)(1) went awry to seek dismissal under Rule 41(a)(2).

2. During that time, Clear Channel demonstrated its vexatiousness by advising the Court that the parties were in settlement negotiations at a time when, in fact, no negotiations were happening and Clear Channel had failed to ever provide a proposal that could support serious discussions. Feigelson 5/5 Decl. ¶ 9.

3. Under the current scheduling order this suit is progressing rapidly to trial, with attendant expense and effort on the defense side.

4. Following a move to state court, inevitably a certain amount of the work to date inevitably would need to be re-done to conform to state practice. That expense will be duplicative and substantial.

5. Clear Channel's explanation for the purported need to dismiss is inadequate at best. There is no need for a corporate defendant in the case (*see* § I, *supra*), and the record plainly supports the inference that Clear Channel is simply trying "to get into a forum where the judge hadn't already denied a TRO." Feigelson 5/5 Decl. Ex. 6, Mar. 28 Tr. at 8.

The prospect of prejudice to the defendants also supports denying Clear Channel's application. *See D'Alto v. Dahon California, Inc.,* 100 F.3d 281, 283 (2d Cir. 1996) (dismissal under Rule 41(a)(2) is appropriate "if the defendant will not be prejudiced thereby") (citation omitted); Feigelson 5/5 Decl. Ex. 13, Apr. 25 Order at 2 (Individual Defendants should get a prompt determination of whether or not their employment is restricted). Proceeding in this Court under the current scheduling order will provide for a resolution one way or the other in a matter of weeks. Clear Channel's

13

stated plan to re-file this case in state court, without seeking a TRO there (Feigelson 5/5 Decl. Ex. 6, Mar. 28 Tr. at 8), would provide the Individual Defendants only with indefinite uncertainty.

## Conclusion

For the foregoing reasons, the Court should deny Clear Channel's motion and dismiss Citadel from the case.

Dated: New York, New York
       May 5, 2008

                                        DEBEVOISE & PLIMPTON LLP

                                        By: /s/ Jeremy Feigelson
                                               Jeremy Feigelson (JF-4963)

                                        919 Third Avenue
                                        New York, New York 10022
                                        (212) 909-6000

                                        *Attorneys for Defendants*

22724923