UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
Capstar Radio Operating Company, a Delaware    :
Corporation,                                                                  :
                                                                                         :
                                                                                         :    Civil Case No. 08-CV- 2976 (LAK)
                        Plaintiff,                                         :
                                                                                         :
            v.                                                                     :
                                                                                         :
Anthony Campbell; Louis Carpino; Adam Gross;   :
Jose Luis Torres; Citadel Broadcasting Corporation, :
a Nevada Corporation; and John Does 1-10,        :
                                                                                         :
                        Defendants.                                    :
                                                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF ITS MOTION FOR AN ORDER DEEMING ITS NOTICE OF VOLUNTARY
DISMISSAL WITHOUT PREJUDICE EFFECTIVE PURSUANT TO RULE 41(a)(1)(A)**

Dated:   New York, New York
             May 9, 2008

Of Counsel:

    L. Lynnette Sarno
    Gloria Galant

SEYFARTH SHAW LLP

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
Attorneys for Plaintiff
Capstar Radio Operating Company

This Reply Memorandum of Law is submitted on behalf of Plaintiff, Capstar Radio Operating Company ("Capstar" or "Plaintiff"), in response to the opposition papers submitted by Defendants and in further support of Plaintiff's motion for an Order deeming its Notice of Voluntary Dismissal Without Prejudice effective, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

## PRELIMINARY STATEMENT

Plaintiff properly filed its Notice of Voluntary Withdrawal Without Prejudice (the "Notice"). It followed the applicable rules for filing notices in cases, like this one, that have been assigned to the Electronic Filing System. There was no basis for the Clerk's Office to reject the ECF filing, nor have Defendants identified any. Instead, Defendants persist in attempting to stave off Plaintiff's voluntary dismissal, in defiance of both reason and governing Second Circuit authority, in the thinly veiled hope of exacting a strategic advantage against Plaintiff before this Court after developments in a similar action in the Northern District of Illinois have not gone as they would like.

Contrary to Defendants' contention, the prior proceedings in this matter do not preclude a voluntary dismissal of this action. The Second Circuit has made clear that a plaintiff's right to voluntarily dismiss an action under Rule 41(a)(1)(A)(i) must be honored even when – like here – a hearing on an application for a temporary restraining order ("TRO") has been held, and even when it may appear that the plaintiff seeks dismissal because of its lack of success during prior proceedings. So long as the Notice was filed prior to the service of an Answer or motion for summary judgment, the plaintiff's right to dismiss is absolute.

Moreover, even if this Court does not validate Plaintiff's Notice, a dismissal of this action, without prejudice, is still warranted. This matter was in the very early stages at the time of Plaintiff's Notice, and Plaintiff has asserted a reasonable basis for its dismissal. The only

potential prejudice that Defendants proffer is the prospect of a second lawsuit, which is insufficient as a matter of law to negate a dismissal.

## ARGUMENT

### I. Plaintiff's Filing of Its Notice Should Be Deemed Effective.

A.  Plaintiff Properly Filed the Notice of Dismissal.

Contrary to Defendants' assertion, Capstar is not seeking to overrule the court clerk's "proper" rejection of the Notice. Quite the contrary, Capstar asserts that the rejection was not proper, and therefore, it was a valid Notice that warrants dismissal of this action.

This Court's "Procedures for Electronic Case Filing" ("ECF Rules"), dated March 6, 2003, confirms that Plaintiff filed the Notice in compliance with the applicable rules. The ECF Rules specifically state that "[e]xcept as expressly provided and in exceptional circumstances preventing a Filing User from filing electronically, *all* petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the Electronic Filing System must be filed electronically." (*See* ECF Rules § 1(a) (emphasis added).) Unlike documents that requires a Judge's signature, which must be delivered to the Judge, there is no exception for a Notice of Voluntary Dismissal. *See* ECF Rules § 4(b). Thus, Plaintiff complied fully with the applicable rules when it filed the Notice by ECF on March 25, 2008. Defendants have not identified, and cannot identify, a rule which creates an exception for the electronic filing of a Notice of Voluntary Dismissal or that would justify the clerk's rejection of Plaintiff's Notice here.

The ECF Rules further state that "a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court." (*Id.* § 3(b).) Given that the Notice was properly filed, this matter was, and properly should be deemed to have been, dismissed as of 6:45 p.m. on March 25, 2008. Pursuant to Rule 41(a)(1)(A)(i), that Notice was

2

self-effectuating; it did not require approval from the Court or the consent of any Defendants. It is undisputed that Plaintiff electronically filed the Notice before any Defendant served an Answer. Indeed, Defendants concede that they did not serve the Answer until <u>after</u> they received Plaintiff's Notice. (*See* Defendants' letter to the Court, dated March 26, 2008, annexed as Exhibit "F" to the Declaration of L. Lynnette Sarno, Esq.) Thus, dismissal is warranted.[1]

Defendants' attempt to distinguish *Lowe v. Fountain Forestry, Inc.*, No. 3:08-CV-08, 2008 WL 276486 (E.D. Tenn. Jan. 30, 2008), and *Powell Constr. Co. v. U.S. Crane and Rigging, Inc.*, No. Civ. A. 705CV00528, 2005 WL 2716375 (W.D. Va. Oct. 21, 2005), are unavailing. In both *Lowe* and *Powell*, the Plaintiffs failed to comply with the applicable electronic filing rules, but the courts accepted their notices of voluntary withdrawal as valid because they "substantially complie[d] with the requirements of the Federal Rules of Civil Procedure." *Powell*, 2005 WL 2716375, at *1; *Lowe*, 2008 WL 276486, at *2 (accepting plaintiff's filing of a notice of withdrawal and stating that it "need[] not disallow the filing solely because of its form or the manner in which it was filed"). Here, Plaintiff *did* comply fully with the ECF Rules. Even if Defendants could somehow show that Plaintiff did not, Plaintiff certainly "substantially complied." Its Notice should therefore be deemed effective.

---

[1] Only Defendants Anthony Campbell, Louis Carpino, Adam Gross, and Jose Luis Torres have answered. Defendant Citadel Broadcasting Corporation ("Citadel") failed to answer or otherwise plead within 20 days of service of the Complaint on March 21, 2008. Citadel's belated motion to dismiss the claims against it, which was served with Defendants' opposition to the instant motion on May 5, 2008, was untimely. Plaintiff reserves its right to oppose Citadel's belated motion pursuant to this Court's Local Civil Rules. While Citadel styles its motion as a "cross-motion," it is in fact a separate motion that should not forestall a decision on the instant motion to enforce Plaintiff's voluntary dismissal.

3

B.     The Prior Proceedings Do Not Preclude Dismissal.

Defendants argue that, even if the Notice is deemed valid, this Court should nonetheless treat it as ineffective because they quickly responded by filing an Answer and because a hearing on Plaintiff's application for a TRO has taken place. Neither event bars dismissal. The Second Circuit has been quite clear that, even when multiple hearings were held on an application for a TRO, and even when a hearing on the preliminary injunction was completed, a notice of voluntary dismissal remains valid. *Johnson Chem. Co. v. Home Care Prods.*, 823 F.2d 28, 31 (2d Cir. 1987) (reversing vacatur of voluntary dismissal even after preliminary injunction hearing); *Thorpe v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) (defendant's submission of papers in opposition to TRO and two days of hearings does not terminate plaintiff's right to dismiss).

In support of their position, Defendants rely solely on *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953). The Second Circuit later declared, however, that its holding in *Harvey* is exceptionally narrow and that the case "has not been well received." *Thorpe*, 599 F.2d at 1175. Indeed, the court stated that "[a]though [*Harvey*'s] rationale is occasionally reiterated in dictum, subsequent cases have almost uniformly either distinguished [it], limiting the case to its particular factual setting, or forthrightly rejected it as poorly reasoned." *Id*. (collecting cases); *see also Johnson Chem.*, 823 F.2d at 30 (*Harvey* "must be limited to its 'extreme' facts").

The facts in this case are far from analogous to *Harvey* and more closely resemble those in *Thorpe*. In *Harvey*, an evidentiary hearing on the preliminary injunction, lasting several days and yielding a record of 420 pages, including witness testimony, had already occurred. 203 F.2d at 107. None of that had occurred in this matter when the Notice was filed. Instead, the only

4

proceedings that had occurred were Plaintiff's TRO motion and oral argument thereupon, the record of which consists of only 38 pages of counsel's argument.  *See* Exhibit 1 to the Declaration of Jeremy Feigelson, dated May 5, 2008.  No witnesses testified, and no discovery occurred.

In the more recent case, *Thorpe*, two days of hearings on an application for a TRO were held prior to the plaintiff's filing of a notice of dismissal.  599 F.2d at 1171.  The court noted that the plaintiff may have filed the notice "apparently feeling that the cards were stacked against him."  *Id*.  Moreover, the defendants filed a motion for summary judgment just a "few hours" after the notice of dismissal was filed.  *Id*.  Despite these facts – all of which resemble those in this case – the Second Circuit held that the notice of withdrawal was valid.  *Id*. at 1176.

Similarly, in *Johnson Chemical*, the court already held the hearing on a preliminary injunction and ruled on the application.  Thereafter, the plaintiff filed a notice of voluntary dismissal.  The district court vacated the dismissal, but the Second Circuit reversed, holding that the "[m]ere expenditure of time and money by a defendant . . . does not bar a plaintiff from timely dismissing an action under Rule 41(a)(1)(i)."  823 F.2d at 31.  More recent cases continue to follow the holdings in *Thorpe* and *Johnson Chemical*, and have permitted plaintiffs to exercise their unilateral right to dismiss an action without prejudice even after significant proceedings, including a motion to dismiss, had already occurred.  *See Seippel v. Jenkens & Gilchrist, P.C.*, No. 03 Civ. 6942 (SAS), 2004 WL 2809205, at *2 (S.D.N.Y. Dec. 7, 2004); *Medina v. New York State Dep't of Corr. Servs.*, No. 03 Civ. 9249 (RWS), 2004 WL 2397193, at *4 (S.D.N.Y. Oct. 26, 2004).

Finally, Defendants suggest that Plaintiff is somehow acting improperly and seeking a strategic advantage by dismissing its Complaint after this Court denied its TRO application.

5

They are wrong. Nothing in Rule 41(a)(1)(A)(i) precludes a plaintiff from exercising its right to withdraw an action without prejudice, regardless of the circumstances or its reasons for doing so. *See Seippel*, 2004 WL 2809205, at *2 (plaintiff's motive in seeking dismissal irrelevant). Defendants' argument is also tinged with irony in that the same accusation could be made against them: pleased with the results of the TRO argument, and perceiving an opportunity created by the Clerk's erroneous rejection of the ECF-filed Notice, they seek to preclude dismissal and force the case to remain in this Court, where they plainly perceive a strategic advantage, especially in contrast to the proceedings before Judge Zagel in the Northern District of Illinois.

## II. Dismissal of This Matter, Pursuant to Rule 41(a)(2), Is Also Appropriate.

Notwithstanding Plaintiff's compliance with Rule 41(a)(1)(A), if this Court rejects Plaintiff's electronic filing of the Notice, the dismissal of this matter is nonetheless warranted under Rule 41(a)(2). That rule permits the court to dismiss an action at the plaintiff's request except as provided in Rule 41(a)(1).

A voluntary dismissal should be allowed absent prejudice to the defendant. *Catanzano v. Wing,* 277 F.3d 99,109-10 (2d Cir. 2001); *Wakefield v. Northern Telecom*, 769 F.2d 109, 114 (2d Cir. 1985). A discretionary dismissal is proper in cases where (i) the plaintiff did not delay in bringing the motion, (ii) there is no evidence that the action was brought to harass the defendants, (iii) the action progressed very little and no discovery has been taken, and (iv) the plaintiff has a reasonable explanation for dismissing the action. *In re Solv-Ex Corp. Sec. Litig.*, 62 Fed. Appx. 396, 2003 U.S. App. LEXIS 7409 (2d Cir. 2003) (applying factors set forth in *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

Each of those factors supports this Court's approval of Plaintiff's dismissal here. First, the motion was filed early in the life of this case, only 31 days after it was filed and 29 days after

the TRO hearing. Second, there is no evidence that Plaintiff brought the action to harass Defendants. Plaintiff believed, and still believes, that Defendants have acted in violation of their non-compete agreements and that preliminary and permanent injunctive relief is appropriate, and intends to continue to pursue such relief. While this Court denied Plaintiff's TRO application, that does not in any way signal, or justify, a conclusion that the action was not brought in the utmost good faith. Third, as noted above, this action has not reached an advanced stage of proceedings, and as of the time Plaintiff filed its Notice and this motion, no discovery had taken place.[2] Finally, Plaintiff has a legitimate explanation for its dismissal: both parties expressed interest in pursuing settlement discussions, and Plaintiff learned that this Court does not have subject matter jurisdiction given the citizenship of the corporate entity that now employs Plaintiff's former employees. The corporate entity is not only essential to a number of Plaintiff's claims as it participated in Defendants' improper acts, but it is also critical to Plaintiff's ability to fully recover its damages.

Defendants' argument that they are somehow prejudiced by the discontinuance of this claim is unpersuasive. There have been no restraints placed on them or their employment. Moreover, the mere prospect of a future action against them is insufficient to establish prejudice. *See* 8 J. Moore, *Moore's Federal Practice* ¶ 41.40(7)(b) (2008); *Jaskot v. Brown*, 167 F.R.D. 372, 373 (S.D.N.Y. 1996). A voluntary dismissal in order to join a non-diverse party in a subsequent state court action is not prejudicial to defendant. *Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 175-76 (E.D.N.Y. 1997).

---

[2] Plaintiff has subsequently engaged in discovery and preparation for trial in compliance with this Court's scheduling order and out of an abundance of caution given the instant dispute over the effectiveness of its Notice. Plaintiff is doing so without waiver of its contention that such proceedings are inappropriate and that the case should be, and properly has been, dismissed.

## **CONCLUSION**

This action was properly dismissed as of 6:45 p.m. on March 25, 2008. That dismissal was filed in full compliance with this Court's rules and took effect immediately upon filing. There is no basis in law to reject that dismissal or for this Court to retain jurisdiction over the action. Plaintiff therefore respectfully requests that the action be deemed dismissed without prejudice and that no further proceedings in this action take place.

Dated:  New York, New York
　　　　May 9, 2008

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP

　　　　　　　　　　　　　　　　　　　　By:  s/ L. Lynnette Sarno
　　　　　　　　　　　　　　　　　　　　　　L. Lynnette Sarno, Esq.
　　　　　　　　　　　　　　　　　　　　　　Gloria Galant, Esq.
　　　　　　　　　　　　　　　　　　　　620 Eighth Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York  10018
　　　　　　　　　　　　　　　　　　　　(212) 218-5500

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　Capstar Radio Operating Company