UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Capstar Radio Operating Company, a Delaware Corporation,

        Plaintiff,

   v.

Anthony Campbell; Louis Carpino; Adam Gross; Jose Luis Torres; Citadel Broadcasting Corporation, a Nevada Corporation; and John Does 1-10,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Case No. 08-CV- 2976 (LAK)

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITADEL'S MOTION TO DISMISS

Dated:   New York, New York
           May 19, 2008

Of Counsel:

    L. Lynnette Sarno (LS-2421)
    Gloria Galant (GG-2818)

SEYFARTH SHAW LLP

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
Attorneys for Plaintiff
Capstar Radio Operating Company

## PRELIMINARY STATEMENT

Capstar Radio Operating Company ("Capstar") submits this memorandum of law in opposition to the relief sought in Defendant Citadel Broadcasting Corporation's ("Citadel") motion to dismiss for lack of subject matter jurisdiction. As discussed below, Citadel (with its subsidiaries) is a necessary party to this action. Accordingly, the appropriate relief in light of the absence of diversity jurisdiction is a complete dismissal of this action without prejudice so that Capstar may pursue its claims against all parties in an appropriate forum.

## STATEMENT OF FACTS

Capstar commenced this action by the filing of a complaint on March 21, 2008. Concurrently, Capstar sought a temporary restraining order ("TRO") against Defendants Anthony Campbell, Louis Carpino, Adam Gross and Jose Luis Torres (collectively "Individual Defendants") and Citadel to enjoin them from, among other things, soliciting Capstar's clients and using Capstar's trade secrets.

Capstar is a Delaware Corporation. (Complaint, first unnumbered paragraph.) All of the Individual Defendants are citizens of New York. (Declaration of L. Lynnette Sarno ("Sarno Decl.") ¶ 5.) In the Complaint, Plaintiff named Citadel as a Defendant. Plaintiff has subsequently learned, however, that Citadel is a Delaware Corporation, whose presence in the action destroys diversity jurisdiction. The corporate Defendant that Plaintiff intended to name when it filed the complaint, Citadel Broadcasting *Company*, is a Nevada Corporation. (*Id.* ¶ 4.) Based upon the information available to Plaintiff at the time, it believed in good faith that this Court would have diversity jurisdiction based upon the citizenship of each of the named parties.

On March 24, 2008, following a hearing, this Court denied Plaintiff's application for a TRO and ordered the parties to engage in expedited discovery. (Sarno Decl. ¶ 6.) The following

1

day, March 25, 2008, Plaintiff filed a Notice of Voluntary Withdrawal Without Prejudice (the "Notice"). (Sarno Decl. ¶ 7.) Since then, as this Court is aware, Defendants have contested the validity of the Notice. (*Id*.)

On March 28, 2008, a telephone conference was held before the Court, where the parties addressed the Notice, and also advised the Court of efforts to resolve matter. Indeed, it now appears that Defendants' purported efforts to reach a resolution back in March were merely a way to forestall the motion and the Court's decision on the validity of Plaintiff's Notice. (See Transcript of the Telephone Conference held on March 28, 2008, p. 2, annexed as Exhibit 6 to Declaration of Jeremy Feigelson.) Immediately after the telephone conference, the parties agreed that they would not engage in discovery until settlement was pursued. Thereafter, settlement discussions commenced between counsel and directly between the parties. (Sarno Decl. ¶ 8.)

On April 11, 2008, Plaintiff contacted Defendants' counsel regarding the need to advise the Court of the status of the matter. Contrary to Defendants' assertion in their motion (*see* Defendants' Memorandum of Law In Support of Cross-Motion to Dismiss, at 4), Defendants' counsel agreed that we would advise the Court of the continuing settlement discussions. Accordingly, a letter was sent to the Court reflecting such status. (Sarno Decl. ¶ 10.)

On April 21, 2008, after a lull in discussions and another telephone call with Defendants' counsel, Plaintiff advised the Court that the parties were unable to reach a settlement. (Sarno Decl. ¶ 11.) Since then, Defendants have attempted to portray to this Court that Plaintiff has unilaterally delayed the prosecution of this matter. This is untrue. Plaintiff has asked that this Court recognize the validity of its Notice since it was filed on March 25, 2008 so that this matter can be pursued in a venue where jurisdiction over all parties exists, and Defendants have

objected to its dismissal. Moreover, Plaintiff communicated with Defendants' counsel prior to each correspondence with the Court regarding the status of settlement discussions.

On May 5, 2007, Defendants filed the instant motion. They ask that this Court dismiss Citadel because its status as a Delaware corporation destroys diversity jurisdiction, but also that it retain jurisdiction over the remainder of the action against the Individual Defendants. Although this motion could have been filed at any time, and properly should have been filed on April 10, 2008, when an answer or motion to dismiss was due, Defendants waited until May 5, 2008 to file it and then styled it as a "cross-motion" with a purported return date that is mere days before the previously scheduled hearing and trial. (Sarno Decl. ¶ 12.) Rather than a cross-motion, Citadel's filing is more appropriately deemed a separate motion, the resolution of which need not await decision on Citadel's motion to effectuate its unilateral dismissal of the entire action pursuant to Fed.R.Ci.P. 41(a)(1)(A)(i).

Plaintiff asserts, and has been asserting since its filing of the Notice, that complete diversity jurisdiction does not exist with Citadel as a party. However, Plaintiff has also continued to submit that Citadel (or its indirect subsidiary, New York Radio Assets LLC) is a necessary party to this action. (Sarno Decl. ¶ 13.)

## ARGUMENT

### Dismissal Without Prejudice as to All Defendants is Warranted.

Citadel contends that this Court should preserve diversity by dismissing the one non-diverse party and retaining jurisdiction of the action, arguing that Capstar's objectives could be satisfied in an action against the Individual Defendants. This is preposterous. By virtue of Citadel's employment of the Individual Defendants, it is in possession of Capstar's proprietary data and, on information and belief, continues to rely upon that data to unfairly compete against Capstar.

A corporate defendant is therefore crucial to Capstar's claims and its ability to obtain full relief.  If Plaintiff establishes that the Individual Defendants, with the help of Citadel and its employees, breached their non-compete agreements and engaged in unlawful competition, merely enjoining the Individual Defendants from engaging in future acts will not make Capstar whole.  Rather, injunctive relief against their new employer, and perhaps money damages, may be necessary to ensure that Capstar is properly compensated and that its injuries do not recur.  Accordingly, given the potential prejudice to Capstar from proceeding solely against the Individual Defendants, the appropriate course of action is for this Court to dismiss entire action, without prejudice, so that Plaintiff can proceed in a single forum against all necessary parties.

In *Roland v. Marriott International Corp.*, No. 94 Civ. 7720 (LAK), 1995 WL 358631, at *3 (S.D.N.Y. June 15, 1995) (Kaplan, J), this Court held that, in determining whether a matter should proceed without a party, it should strike a balance between the interest of proceeding in a federal forum, on the one hand, and "the possibility that judicial resources will be wasted and inconsistent results obtained if [the inclusion of a party] is denied," on the other.  *Id.* at *2. Where, as here, it is likely that the plaintiff will file a second action in state court to protect its interests, the court should dismiss the first action in its entirety to avoid waste of judicial resources and the possibility of inconsistent verdicts.  *See id.*, at *3; *see also Mattera v. Clear Channel Communications, Inc.,* No. 06 Civ 1878 (DC), 2006 WL 3316967, at *6 (S.D.N.Y. Nov. 14, 2006) (prejudice to plaintiff results when there is a risk of double liability or, at minimum, duplicative litigation with respect to the same issue).

Citadel's reliance on this Court's holding in *Arias v. Biro Mfg. Co.*, No. 92 Civ. 6661 (LAK), 1995 WL 66431 (S.D.N.Y. Feb. 15, 1995) (Kaplan, J.), is misplaced.  In *Arias*, the parties had been litigating for more than two years and the case was virtually trial-ready.  *Id.*, at

4

\*2. Here, in contrast, the case is at a relatively early stage and has been pending for less than two months. *Cf. Roland*, 1995 WL 358631 at \*3 (distinguishing *Arias* because case was in late stages).[1] Moreover, in *Arias* this Court found that the remaining defendants "are able to respond fully in damages should plaintiff prevail." *Id*. There is no basis to assume that would be true in this matter. Given the relative youth of the Individual Defendants and the nature of their employment histories, they do not likely have sufficient assets to satisfy a monetary judgment in Plaintiff's favor.

## **CONCLUSION**

Based upon the foregoing, Plaintiff opposes Defendant Citadel's motion to the extent that it seeks dismissal of Citadel only and asks this Court to retain jurisdiction of this action. Rather, this Court should dismiss this action in its entirety, without prejudice.

Dated: New York, New York
       May 19, 2008

                                            Respectfully submitted,

                                            SEYFARTH SHAW LLP

                                            By: s/ L. Lynnette Sarno
                                                 L. Lynnette Sarno, Esq.
                                                 Gloria Galant, Esq.
                                            620 Eighth Avenue
                                            New York, New York  10018
                                            (212) 218-5500
                                            Attorneys for Plaintiff Capstar Radio
                                            Operating Company

---

[1]  Because of the expedited discovery in this matter, the parties continue to engage in discovery during the pendency of this motion. However, the discovery conducted here would be useful to both parties in a subsequent action filed in a different forum, thus no prejudice would result from the resources already expended.

5