UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Capstar Radio Operating Company, a Delaware Corporation,

          Plaintiff,

      v.

Anthony Campbell; Louis Carpino; Adam Gross; Jose Luis Torres; Citadel Broadcasting Corporation, a Nevada Corporation; and John Does 1-10,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Case No. 08-CV- 2976 (LAK)

## DECLARATION OF L. LYNNETTE SARNO, ESQ.

L. LYNNETTE SARNO, ESQ., being duly sworn, declares under penalty of perjury:

    1.    I am a member of the Bar of the State of New York and a partner in the firm of Seyfarth Shaw LLP, attorneys for Plaintiff Capstar Radio Operating Company ("Capstar" or "Plaintiff") in the above-captioned case. This Declaration is submitted in in opposition to the relief sought in Defendant Citadel's motion to dismiss for lack of subject matter jurisdiction, and asserts that the appropriate relief is for the complete dismissal of the matter, without prejudice.

    2.    Capstar commenced this action by filing a complaint on March 21, 2008. Concurrently, Capstar sought to obtain a temporary restraining order against Anthony Campbell, Louis Carpino, Adam Gross, Jose Luis Torres (collectively "Individual Defendants") and Citadel Broadcasting Corporation enjoining them from among, other

things, soliciting Capstar's clients, using Capstar's trade secrets and conspiring to misappropriate and misuse Capstar's confidential information.

3. Capstar filed this action before this Court based upon diversity of citizenship. Capstar is a Delaware Corporation.

4. Although the intended corporate Defendant, at the time of filing, was Citadel Broadcasting Company, a Nevada Corporation, Plaintiff inadvertently named Citadel Broadcasting Corporation. Upon the representations of Defendants, we have learned that the Individual Defendants' employer is New York Radio Assets LLC, an indirect subsidiary of Citadel Broadcasting Corporation, both of which are Delaware Corporations.

5. All of the Individual Defendants are residents of New York.

6. On March 24, 2008, a hearing was held before the Court on the issue of Plaintiff's application for a temporary restraining order ("TRO"). The Court denied Plaintiff's application for a TRO and ordered the parties to engage in expedited discovery.

7. On March 25, 2008, Plaintiff filed a notice of voluntary withdrawal without prejudice through the Court's electronic filing system (ECF). Since then, Defendants have contested the validity of the Notice.

8. On March 28, 2008, a telephone conference was held before the Court, where the parties addressed the Notice, and also advised the Court of efforts to resolve matter. Indeed, it now appears that Defendants' purported efforts to reach a resolution back in March were merely a way to forestall the motion and the Court's decision on the

validity of Plaintiff's Notice. (See Transcript of the Telephone Conference held on March 28, 2008, p. 2, annexed as Exhibit 6 to Declaration of Jeremy Feigelson.)

9. Immediately after the telephone conference, the parties agreed that they would not engage in discovery until settlement was pursued. Thereafter, settlement discussions commenced between counsel and directly between the parties.

10. On April 11, 2008, Plaintiff contacted Defendants' counsel regarding the need to advise the Court of the status of the matter, and Defendants' counsel agreed that we would advise the Court of the continuing settlement discussions. Accordingly, a letter was sent to the Court reflecting such status.

11. On April 21, 2008, after a lull in discussions and another telephone call with Defendants' counsel, Plaintiff advised the Court that the parties were unable to reach a settlement. With that letter, Plaintiff filed its motion for an order deeming Plaintiff's filing of the Notice valid.

12. On May 5, 2007, Defendants filed the instant motion to dismiss Citadel based on lack of subject matter jurisdiction. Although it could have been filed at any time, Defendants waited to file it as a cross-motion with a return date that is mere days before the scheduled hearing and trial.

13. Plaintiff asserts, and has been asserting since its filing of the Notice, that complete diversity jurisdiction does not exist with Citadel as a party. However, Plaintiff has also continued to submit that Citadel (or its indirect subsidiary, New York Radio Assets LLC) is a necessary party to this action.

NY1 26514568.1

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed on May 19, 2008

                                                                                       */s/ L. Lynnette Sarno*
                                                                                          L. Lynnette Sarno

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 19, 2008, I electronically filed the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant Citadel's Motion to Dismiss and the Declaration of L. Lynnette Sarno, Esq. with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

                Jeremy Feigelson, Esq.
                Debevoise & Plimpton LLP
                919 Third Avenue
                New York, New York 10022

                *Attorneys for Defendants*

                          s/ L. Lynnette Sarno
                          L. Lynnette Sarno