UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CAPSTAR RADIO OPERATING COMPANY,

Plaintiff,

-against-                                                    08 Civ. 2976 (LAK)

ANTHONY CAMPBELL, et al.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/08

### ORDER

LEWIS A. KAPLAN, *District Judge.*

Plaintiff commenced this action on March 21, 2008. It seeks, among other things, preliminary and permanent injunctions with respect to alleged breaches of covenants not to compete. On the same day, it presented an order to show cause with temporary restraining order to the Part I judge, who deferred the matter to the undersigned. After hearing the parties on March 24, I denied the TRO, granted expedited discovery, and set the preliminary injunction motion down for a hearing.

On the following day, plaintiff – obviously distressed at the Court's dim view of its prospects for success in this action – electronically filed a notice of voluntary dismissal without prejudice. Consistent with its long-standing practice, the Clerk's Office rejected the notice on the ground that voluntary dismissals, even those filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), require prior approval of the Court and are to be submitted for consideration by other means. Shortly thereafter, the individual defendants filed an answer. Plaintiff now moves for an order accepting its notice of voluntary dismissal on the ground that the Clerk had no right to reject its electronic filing and that the action was dismissed without prejudice as of right.

Plaintiff is engaged in egregious forum shopping. It simply wants a chance of proceeding before a judge who may be more favorably disposed to their case than I.[1] Nevertheless, I ultimately am persuaded that plaintiff's actions were within its rights, however distasteful.

---

[1]     Plaintiff suggests that the real reason for its action is its inability to proceed here against the appropriate corporate defendant in light of lack of diversity of citizenship. The undersigned is not persuaded.

2

Rule 41(a)(1)(i) gives plaintiffs an unqualified right to dismiss without prejudice by filing a notice before the opposing party serves either an answer or a motion for summary judgment. That is what plaintiff did here. The Clerk's Office rejection of the electronic filing – although consistent with its long standing practice – finds no support in the Federal Rules of Civil Procedure, the local rules of this Court, or the Court's rules and procedures relating to electronic filing. It was wrongful.

Defendants argue that Rule 41(a)(1)(i) ceased to be available to plaintiff upon the denial of the temporary restraining order. They rely on *Harvey Aluminum v. American Cyanamid Co.,* 203 F.2d 105, 108 (2d Cir. 1953). *Harvey Aluminum,* however, is distinguishable from this case and in any case has been so narrowed over the years that defendants' argument is unpersuasive.

The result here is quite regrettable. Nevertheless, plaintiff's motion to accept its notice of dismissal without prejudice is granted. The action is dismissed without prejudice. The Clerk is directed to close the case.

SO ORDERED.

Dated:       May 22, 2008

                                        Lewis A. Kaplan
                                    United States District Judge